(99 App. Div. 169)

### ZIEMER v. CRUCIBLE STEEL CO. OF AMERICA.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. PLEADING—JURISDICTION OF SPECIAL TRIBUNAL—DENIAL.
    Under Code Civ. Proc. § 532, providing that, in pleading a judgment of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment may be stated to have been duly given, and, if that allegation is controverted, the party pleading must establish the facts conferring jurisdiction, an answer denying that plaintiff was duly appointed administratrix of an estate, as alleged in the complaint, raises the issue of jurisdiction, involving the right of the surrogate to issue the letters.

2. JUDGMENTS—DECREE OF SURROGATE—COLLATERAL ATTACK—FRAUD.
    A surrogate's decree granting letters of administration on the estate of a nonresident may be attacked collaterally in a negligence action brought by the administratrix for the death of her intestate, on the ground of legal fraud in obtaining the letters, in that, whereas, they were granted on the ground that deceased left property in the state, he in fact left no such property.

3. EXECUTORS AND ADMINISTRATORS—GRANT OF LETTERS—FRAUD.
    Letters of administration on the estate of a nonresident, reciting that they were issued on the ground that deceased left property in the state, whereas he in fact left no such property, were legally fraudulent, although the petition for the letters further recited that the property which deceased left in the state was of no value.
    Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Ida Ziemer, as administratrix of Ernest Ziemer, deceased, against the Crucible Steel Company of America. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles C. Nadal, for appellant.
John M. Gardner, for respondent.

O'BRIEN, J. The action is brought by the plaintiff, as administratrix of her husband's estate, to recover for his death, which she alleges was caused by defendant's negligence. The deceased was employed in the defendant's factory at Newark, N. J., and, at the time of the accident resulting in his death, was engaged, with others, in cutting a piece of red-hot steel by means of a cutter and a powerful steam hammer. The theory upon which recovery is

sought is that the hammer rebounded, owing to the presence of water in the cylinder, thus causing a piece of steel called a "knocker out," held above the cutter by means of a rod in the hands of a workman, to fly off and strike plaintiff's intestate, and that if the defendant had reasonably supplied a separator to remove water from the steam, and thus prevent its accumulation in the cylinder, the accident would not have occurred.

Without discussing the questions of whether the evidence supports the finding that the defendant was negligent in not providing a separator, and whether the accident could be traced to such neglect, we think that this judgment must be reversed and the complaint dismissed upon the ground that the courts of this state have no jurisdiction to entertain the action.

The deceased was a resident of New Jersey, where the accident occurred, and the defendant is a New Jersey corporation. The plaintiff continued to live in New Jersey for six months after her husband's death. Although the plaintiff applied for letters of administration after moving into this state, she sues upon the New Jersey statute permitting such an action to be brought, and her letters of administration were granted upon the ground that the deceased left property in this state. This action, therefore, is founded upon the plaintiff's appointment as administratrix by the surrogate of New York county, and the letters of administration recite that the deceased was a nonresident, and died leaving property in this state. The answer denied that the plaintiff was duly appointed administratrix, as alleged in the complaint; thus raising the issue of jurisdiction (section 532, Code Civ. Proc.), involving, as it did, the right of the surrogate to issue the letters. Upon the trial the plaintiff testified that her husband left no property whatever in this state.

In the recent case of Hoes v. New York, N. H. & H. R. Co., 173 N. Y. 435, 66 N. E. 119, it was held that a surrogate's decree granting letters of administration upon the estate of a nonresident may, in a negligence action brought by the administrator, be attacked collaterally on the ground of collusion and legal fraud in obtaining the letters, and, where such collusion and fraud appear, the courts are without jurisdiction to entertain the action to recover for negligence. It was proper, therefore, in the present action, for the defendant to deny the due appointment of the plaintiff; and we think it clearly appears that the letters of administration were not properly granted to the plaintiff, and hence that the courts of this state are without jurisdiction. The letters were issued on the ground that the deceased left property in this state. The letters so recite, and yet the plaintiff's own testimony is that upon his death the deceased had no property whatever here.

In the Hoes Case, supra, the Court of Appeals held that the bringing of a watch and chain of trifling value into the state for the purpose of laying a foundation for making an application for letters, so that the action might be prosecuted, constituted collusion and legal fraud, and jurisdiction was not thereby conferred upon the Supreme Court of this state to try a negligence action

having its origin in another state. In the present case there was not even an attempt made to justify the issuance of the letters, but it was admitted by the plaintiff's testimony that the deceased did not, as stated in the letters, have property in this state. It follows that there was no basis for the issuance of the letters. The plaintiff insists that there was no legal fraud, for the reason that, although the petition is in the regular form, and states that "the deceased left property in this state," it is therein further added "of no value." But unless there was property, no letters could issue.

Though not a case like that of Collard v. Beach, 81 App. Div. 582, 81 N. Y. Supp. 619, which was an action to recover for negligence where both parties were nonresidents and the accident occurred in another state, what was therein said is applicable—that:

"The habit of importing such litigations as this into this jurisdiction, consuming the time of the courts, and requiring the people of the state of New York to bear the burden and expense of trying actions which ought to have been brought in other jurisdictions, where the home courts of litigants are open to afford adequate remedies, has become a great abuse, and a just subject of complaint and protest. If it is to be encouraged, as was said in Hoes v. N. Y., N. H. & H. R. Co., 173 N. Y. 441, 66 N. E. 120, the floodgates of litigation in similar cases will be wide open, if not to establish a new legal industry, at all events to impose upon our already overworked courts the obligation to try actions imported from foreign jurisdictions. * * *"

We think that in the case at bar, as was said in that case, "there is not a fact or circumstance suggested in the whole record * * * why the courts of this state should be vexed with this particular litigation." Apart from this, however, for the reasons stated, we think that jurisdiction herein was never acquired; it appearing that the letters of administration were granted by the surrogate without authority.

Our conclusion, therefore, is that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs. All concur, except PATTERSON, J., who dissents.