McCARTHY v. SUPREME COURT OF INDEPENDENT ORDER OF FORESTERS.

(Supreme Court, Appellate Division, Fourth Department.    July 6, 1905.)

1. ADMINISTRATORS—ACTIONS BY—APPOINTMENT—VALIDITY.
      Where, in an action by an administratrix, the only fact stated in the petition giving the surrogate jurisdiction to appoint plaintiff was residence in the county, and on the trial such fact was shown to be untrue, the invalidity of the letters was established, and plaintiff could not maintain the action.

2. SAME—COLLATERAL ATTACK ON APPOINTMENT.
      Under Code Civ. Proc. § 2473, providing that where the jurisdiction of a Surrogate's Court to grant letters of administration, etc., is drawn in question collaterally, and the necessary parties were duly cited or appeared, the jurisdiction is presumptively, and, in the absence of fraud or collusion, conclusively, established by an allegation of the jurisdictional facts, contained in a written petition or answer duly verified, used in the

Surrogate's Court, the letters could be so attacked in the action for want of jurisdiction, where the same was set up in defense.

3. SAME—SHOWING FACTS NOT BEFORE SURROGATE AT TIME OF DECREE.
  The decree granting plaintiff letters could not be upheld by showing that property of decedent was brought into the state after his death, such facts not having been presented to the surrogate, nor acted on by him.

Appeal from Trial Term, Erie County.

Action by Clista M. McCarthy, as administratrix, against the Supreme Court of the Independent Order of Foresters. From the judgment defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

O. P. Stockwell, for appellant.

Edmund J. Plumley, for respondent.

WILLIAMS, J. The judgment should be reversed, on questions of law, and a new trial ordered, with costs to the appellant to abide event.

The action was brought to recover the amount of a beneficiary certificate for $1,000, issued by defendant upon the life of Edward Sandell. The insured was, up to the time of his death, a resident of Ontario, Canada. He died July 23, 1903, in Canada, intestate, leaving no wife, but two infant children. The defendant is a foreign corporation, organized under the laws of Ontario, but duly admitted to do business in the state of New York. The plaintiff procured herself to be appointed administratrix of the estate of the insured in the county of Erie, and brought this action in that county. No question is made but that the defendant is liable to the estate of the insured for the amount of the certificate. The defense is that the surrogate of Erie county had no jurisdiction to appoint the plaintiff administratrix of the estate, and that she should not be permitted to recover the amount of the certificate. In the petition for administration the plaintiff stated that the insured died in Ontario, and was at the time of his death a resident of Erie county, N. Y.; that he died seised of no real estate situated within the state of New York, nor chattels.

The letters issued to the plaintiff recited that the insured was late of Ontario. It appeared undisputed upon the trial that the insured was not a resident of this state when he died, but was a resident of Canada. The plaintiff herself so testified. The only fact stated in the petition giving the surrogate of Erie county jurisdiction to appoint plaintiff administratrix was residence in Erie county. When, on the trial, this fact was shown and conceded to be untrue, the invalidity of the letters was established, and plaintiff could not maintain the action. There is no question but that the letters could be so attacked for want of jurisdiction in this action. Code Civ. Proc. § 2473; Warren v. Union Bank, 157 N. Y. 259–273, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. Rep. 777; Hoes v. Central R. R. Co., 173 N. Y. 435–442, 66 N. E. 119; Ziemer v. Crucible Steel Co., 99 App. Div. 169–171, 90 N. Y. Supp. 962.

The decree granting plaintiff letters cannot be upheld now by

showing that property of the insured was brought into the state after his death. No such facts were presented to the surrogate, and he did not act on them. His jurisdiction cannot be upheld now by showing facts which were not before him nor acted upon by him when he made the decree.

This is a very bold case of attempting to import a litigation from Canada, where it belongs, to the state of New York, a practice that was severely condemned in the cases above cited. The matter should go to Canada, where it belongs.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined, and no error found therein. All concur.