WEBSTER v. M. W. KELLOGG CO. et al.

(Supreme Court, Appellate Division, Second Department. June 4, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬤➔443—ACTIONS—PLEADING—DENIAL OF REPRESENTATIVE CAPACITY.

Under Code Civ. Proc. § 532, providing that, in pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but that the judgment or determination may be stated to have been duly given or made, and that if such allegation is controverted the party pleading must on the trial establish the facts conferring jurisdiction, in an action by an administratrix, a denial of the allegation that the letters of administration were duly issued raised an issue as to the jurisdiction of the Surrogate's Court to issue such letters.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1798–1811, 1823–1830, 1842–1845, 1848; Dec. Dig. ⬤➔443.]

2. EXECUTORS AND ADMINISTRATORS ⬤═➡29 — APPOINTMENT — COLLATERAL AT-
TACK.

The issuance of letters of administration by the Surrogate's Court could
be attacked in an action by the administratrix only for fraud or collu-
sion, but the establishment of actual fraud was not essential.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 177–182, 1411; Dec. Dig. ⬤═➡29.]

3. EXECUTORS AND ADMINISTRATORS ⬤═➡10—JURISDICTION TO APPOINT—DOMI-
CILE OF PARTIES—QUESTIONS OF FACT.

Under Code Civ. Proc. § 2476, giving the Surrogate's Court of each
county exclusive jurisdiction to grant letters of administration where the
decedent at the time of his death was a resident of such county, the ques-
tion of residence is one of fact.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 22, 23; Dec. Dig. ⬤═➡10.]

4. EXECUTORS AND ADMINISTRATORS ⬤═➡449—ACTIONS—BURDEN OF PROVING
LEGAL APPOINTMENT.

Under Code Civ. Proc. § 532, where, in an action by an administrator,
the allegation that her letters of administration were duly issued was de-
nied, she was bound to establish the facts conferring jurisdiction on the
court granting such letters of administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1850–1854; Dec. Dig. ⬤═➡449.]

5. EXECUTORS AND ADMINISTRATORS ⬤═➡10—ACTIONS—SUFFICIENCY OF EVI-
DENCE.

In an action by an administratrix, evidence *held* sufficient to make a
question for the jury as to the residence of plaintiff's intestate at the
time of his death, and to support its finding that he was a resident of
Kings county, in which the letters of administration were granted, though
with his wife he had been living for some time in Connecticut, where his
employer had a contract to be performed.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 22, 23; Dec. Dig. ⬤═➡10.]

6. DOMICILE ⬤═➡10—EVIDENCE—SUFFICIENCY.

In the absence of direct evidence of a person's domicile of origin, evi-
dence that he and his wife lived in Brooklyn for eight years justified the
conclusion that he had adopted Brooklyn as his residence.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig.
⬤═➡10.]

7. DOMICILE ⬤═➡8—PRESUMPTION OF CONTINUANCE.

Where a person was shown to have adopted a place as his residence,
such residence was deemed to continue until there was proof of a change
of location with the intent to make the new location a residence.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 36, 37; Dec.
Dig. ⬤═➡8.]

8. APPEAL AND ERROR ⬤═➡930—REVIEW—PRESUMPTIONS—GENERAL VERDICT.

Where no special finding was requested, and the jury found a general
verdict for plaintiff, it must be assumed, unless the contrary appear, that
the jury found all the essential facts of which there was sufficient evi-
dence consistently with the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–
3761; Dec. Dig. ⬤═➡930.]

Appeal from Trial Term, Kings County.

Action by Mary B. Webster, as administratrix of Clarence L. Web-
ster, deceased, against the M. W. Kellogg Company and another. From
a judgment in favor of plaintiff, and from an order denying its motion

---

⬤═➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for a new trial, the defendant New York, New Haven & Hartford Railroad Company appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

J. W. Carpenter, of Brooklyn, for appellant.

Vine H. Smith, of New York City, for respondent.

JENKS, P. J. [1, 2] Appellant avowedly presents but one question —the jurisdiction of the Surrogate's Court of the county of Kings to issue letters of administration. The denial of the allegation that the letters were "duly issued" raised an issue (section 532, Code of Civil Procedure; Ziemer v. Crucible Steel Co., 99 App. Div. 169, 90 N. Y. Supp. 962), and enabled the defendants to make an attack, but only for fraud or for collusion (Ziemer v. Crucible Steel Co., supra; Hoes v. N. Y., N. H. & H. R. R. Co., 173 N. Y. 435, 66 N. E. 119). The jurisdiction of the Surrogate's Court was exercised upon the fact that the deceased was "at the time of his death a resident of the county of Kings." See section 2476, Code of Civil Procedure. The attack was directed against such residence. At the close of proof, the defendants moved to dismiss the plaintiff upon the ground, inter alia, that the court had no jurisdiction, and the court reserved decision, but subsequently denied that motion, as well as a motion for a new trial made upon that ground.

[3, 4] The question of residence is one of fact. Dupuy v. Wurtz, 53 N. Y. 556. See, too, Matter of Newcomb, 192 N. Y. at 250, 84 N. E. 950. The establishment of "actual fraud" was not essential. Hoes v. N. Y., N. H. & H. R. R. Co., supra, 173 N. Y. at 442, 66 N. E. 119. The plaintiff was bound to establish the facts conferring jurisdiction. Section 532 of the Code of Civil Procedure. In Dupuy v. Wurtz, supra, Rapallo, J., for the court, says that there is no positive rule that regulates the determination of the question of residence, but that necessarily the conclusions must be drawn from all of the circumstances.

[5-7] I think that the court could not have disposed of the issue as a matter of law, in that there was no proof that the plaintiff was a resident of the county of Kings at the time of his death, and I think that the court did not err in denial of a motion to set aside the verdict (which necessarily found such residence) as contrary to the evidence. The proof was confined to the testimony of the plaintiff. Her credible and undisputed testimony is that she and the decedent lived in their home in Brooklyn, Kings county, for eight years, and that the intestate went therefrom to Cos Cob, in Connecticut, to work for his employer, who had a contract to be performed at that place. At first she remained in Brooklyn, but thereafter she joined her husband in Cos Cob, and lived there with him from the middle of November until the following March, when he was killed in the course of that employment. When he went to Cos Cob, he lived in a boarding house, and there is no proof that when she went to him there was any change in his method of living. They had no children, and he was a wage-earner receiving about $20 a week.

There is no direct evidence of the intestate's domicile of origin, and the proof justified a conclusion that the intestate adopted Brooklyn as his residence. Elbers & Kraffts v. United Ins. Co., 16 Johns. 128–132. Such residence is deemed to continue until there was proof of a change of location with the intent to make the new location a residence. Chaine v. Wilson, 1 Bosw. 673, Woodruff, J., for the court. If the intestate went to Cos Cob because his employment necessarily required him to be there, such a stay did not affect his permanent residence. Hislop v. Taaffe, 141 App. Div. 40–42, 125 N. Y. Supp. 614, and authorities cited. The fact that his wife went to him is not of cogent significance. It was natural enough, in that it saved his expense of travel to and from Brooklyn, when the alternative was a separation from his wife during an employment of some months. It is true that he did not keep a physical home in Brooklyn after his wife came to him in Cos Cob. If he had been a man of means, or if he had gone to Cos Cob to carry on business for himself, such fact might have been much more significant of his intent to become a resident of Connecticut. Further, her testimony is that, after she went to Cos Cob, her husband was "back in Brooklyn" that he belonged to the Foresters and the Schnorrer's Club, and that he was Chief Ranger of the former organization. I think that the proof was not sufficient, in view of his residence in Brooklyn for eight years, to justify the court in withholding the question of residence from the jury, or to require the court to disturb a verdict that imported that the intestate was a resident of Kings county at the time of his death.

[8] The verdict was in favor of the plaintiff. It must be assumed, unless the contrary appear, "that the jury found all * * * the essential facts of which there was sufficient evidence consistently with the verdict" (Gundlin v. Hamburg Am. Packet Co. [Gen. Term, Com. Pl.] 8 Misc. Rep. 291, 28 N. Y. Supp. 572), and if the counsel desired to offset the effect of the general verdict he should have requested a special finding as to the jurisdiction (Id.).

The order and judgment must be affirmed, with costs. All concur.