[No. 17941.   Department One.   August 9, 1923.]

*In the Matter of the Estate of* CHARLES JENNINGS
YARBROUGH.

OREGON-WASHINGTON RAILWAY & NAVIGATION COMPANY,
*Respondent,* v. MARY FRANCES YARBROUGH,
*Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (10)—RIGHT TO APPOINTMENT—
HUSBAND OR WIFE. After lapse of the statutory time within which
a widow may apply for letters of administration upon her husband's
estate, she stands in the same position as a stranger in her applica-
tion for letters.

SAME (4-6)—JURISDICTION OF COURTS—DOMICILE OF DECEDENT AND
SITUS OF ASSETS. Although the laws of a sister state give a right
of action to the personal representatives for the wrongful death of
the decedent in that state and makes it an asset of the estate, the
widow cannot apply for letters in this state, after the lapse of the
time allowed for application by a widow; since, until administration
had been granted in that state, there was no person authorized to
bring the right of action into this state, and the courts of this state
should not be vexed by the importation of litigation where the home
courts afford adequate remedies (HOLCOMB, J., dissenting).

Appeal from a judgment of the superior court for
King county, Dykeman, J., entered March 27, 1923,
upon findings, cancelling letters of administration,
upon petition of a debtor of the estate. Affirmed.

*H. A. P. Myers,* for appellant.
*Chas. F. Munday,* for respondent.

MACKINTOSH, J.—Charles Jennings Yarbrough, a
resident of Oregon, was killed, on November 30, 1921,
in that state, in a railroad collision between two trains
owned and operated by the respondent, an Oregon
corporation, which has no person in this state upon
whom service of process can be made, so far as the

[1]Reported in 216 Pac. 889.

record in this matter discloses.    Under the law of
Oregon,

"When the death of a person is caused by the wrong-
ful act . . . . of another, the personal representa-
tives of the former may maintain an action . . . .
and the amount recovered shall be administered as
other personal property of the deceased."

The deceased left no personal or real property, and
his estate consists entirely of the right of action
against the railway company.    Mary Frances Yar-
brough, claiming to be the widow, came to King county
in this state, where, in March, 1922, letters of ad-
ministration were *ex parte* issued to her, upon her
petition alleging that she was the widow and that the
deceased left estate subject to administration in King
county.    We are not concerned, however, with these
letters of administration, as they were subsequently
cancelled, and thereby is removed from this contro-
versy the question as to whether the appellant is the
widow.    New letters were issued to her in July, 1922,
upon notice and hearing.    More than the statutory
time within which the widow, as such, was entitled to
appointment having elapsed, she stands in the same
position as would a stranger, and the question is
whether there was any jurisdiction in the court of this
state to appoint an administratrix under the circum-
stances above outlined.

The question has arisen on the petition of the rail-
way company to revoke the letters of July, 1922.    No
serious objection is urged to the right of the respond-
ent to so proceed.    All are agreed that the cause of
action against the railway company is a transitory
one.    Respondent admits that the cause of action
against it would permit of an administratrix being ap-
pointed in Oregon.

Consequently, we have for consideration this con-
dition of affairs: X, a citizen of the state of A, dies
there, leaving no property, but a right in his estate
to begin suit for his death against an A corporation,
whose wrongful act occurred in A, the suit to be
governed and the proceeds to be distributed according
to the laws of A. A few months later, Z, who may be
a total stranger to all interested, applies in the state
of B for letters of administration there, under a law
which permits administration where there is property
of the deceased.

Although the cause of action against the railway
company is a transitory one, it would seem that it must
be brought into this state by someone having a right
thereto, and there was no such person in this case,
until an administration had been granted in Oregon.
The cart seems to be preceding the horse. Recognizing,
however, that appearances are sometimes deceptive,
and that an argument may be made against this view
of the matter, which makes it less clear and satisfac-
tory than is to be desired, we may better rest the
decision on the ground that, to allow such a proceed-
ing, is so liable to abuse and confusion that the parties
will not be allowed the use of our probate courts.

The case of *Ziemer v. Crucible Steel Co.*, 99 App.
Div. 169, 90 N. Y. Supp. 962, seems to be the only one
of many cited which presents facts exactly like those
at bar, and the court there said:

"Though not a case like that of *Collard v. Beach*, 81
App. Div. 582, 81 N. Y. Supp. 619, which was an action
to recover for negligence where both parties were non-
residents and the accident occurred in another state,
what was therein said is applicable—that: 'The habit
of importing such litigations as this into this juris-
diction, consuming the time of the courts, and requir-
ing the people of the state of New York to bear the

burden and expense of trying actions which ought to have been brought in other jurisdictions, where the home courts of litigants are open to afford adequate remedies, has become a great abuse and a just subject of complaint and protest. If it is to be encouraged, as was said in *Hoes v. N. Y., N. H. & H. R. R. Co.* . . . the flood gates of litigation in similar cases will be wide open, if not to establish a new legal industry, at all events to impose upon our already overworked courts the obligation to try actions imported from foreign jurisdictions. . .' We think that in the case at bar, as was said in that case, 'there is not a fact or circumstance suggested in the whole record. . . why the courts of this state should be vexed with this particular litigation.' "

23 Corpus Juris, p. 1009, says:

"Cause of action for wrongful death. In view of the fact that a cause of action for the wrongful death of a decedent is sometimes, although usually not, an asset of his estate, and of the very general requirement that such an action shall be brought by the executor or administrator of the decedent, the existence of such a cause of action is usually regarded as a sufficient basis for a grant of administration in the jurisdiction where such cause of action arose, or where it may be enforced, even though the decedent was a non-resident and left no other assets in the jurisdiction."

And further, that:

"It is clear that such a claim will not warrant administration in one state where the decedent was a resident of another state in which the death and the negligence causing the same occurred and under the statutes of which the right of action arose."

The last paragraph seems to cover the situation here. Other authorities used by counsel do not exactly fit the situation, for they arose where either (1) the death occurred in the jurisdiction appointing the administrator, or (2) the tort-feasor was a resident of such jurisdiction, or (3) the deceased was a resident of such

jurisdiction, or (4) there were other assets beside the cause of action in such jurisdiction, or (5) the question passed on was whether the appointment could be collaterally attacked in the personal injury suit, or (6) in states where actions for death cannot be waged by a local administrator of a non-resident decedent, or (7) where death claims are not assets of the estate, or (8) where death claims are held not to have extraterritorial force. All interesting, but of very limited value in helping us out of this unusual complication.

One case cited by appellant deserves especial mention; *Dennick v. Central Railroad Co.*, 103 U. S. 11; for there the elements making up this case seem to have also fused, but the case is robbed of its authority here when it does not consider the validity of the appointment of the administrator, which seems to have been assented to by all.

The superior court was correct in cancelling the letters, while all their rights are still preserved to all interested.

MAIN, C. J., and MITCHELL, J., concur.

HOLCOMB, J. (dissenting)—The quotation from the opinion in 90 N. Y. Supp. 962, is entirely illogical. That decision was based upon policy instead of principle, and was purely evasive. A right of action for the wrongful death of another, allowed by statute, is a chose in action. "A chose in action is any personal right not reduced into possession but recoverable by a suit at law."

It is conceded that *at the time of appointment*, appellant had the right of appointment. No other is shown to have had the right. It is immaterial that the wrongful death of decedent occurred in another state; and that the tort-feasor has a business domicile in that state, or any other.

The cancellation of the letters of administration that had been issued to appellant was erroneous and should be reversed.

Therefore, I dissent.

### ON REHEARING.

*[En Banc.* February 18, 1924.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the judges adhere to the opinion heretofore filed herein, and the judgment is therefore affirmed.