[No. 23832. Department Two. December 13, 1932.]

*In the Matter of the Estate of* ELLA S. BROWN, *Deceased.*[1]

*John I. Melville,* for appellant.

*Chas. W. Greenough,* for respondent.

BEALS, J.—George S. and Ella S. Brown were for many years husband and wife, and the owners of real and personal community property in Spokane and adjoining counties. Mrs. Brown died, and approximately three years after her decease, George S. Brown applied to the superior court for Spokane county for letters of administration upon the estate of his late wife. On the same day that Mr. Brown filed his petition for his appointment as administrator, and without the giving of any notice of his application, the court proceeded to a hearing on the petition and appointed George S. Brown administrator of the estate of Ella S. Brown.

Mr. Brown immediately qualified and entered upon the discharge of his duties, published notice to cred-

[1]Reported in 16 P. (2d) 823.

itors, prepared and filed his inventory of the property of the estate and had the same appraised. After the expiration of the period of six months, the administrator filed his final account, together with his petition for the distribution of the residue of the estate remaining in his hands. After due notice given, the court made and entered its order approving the final account and its decree distributing the estate. The administrator was thereafter discharged from his trust, and the surety upon his bond exonerated from all liability thereon. The entire estate was distributed to George S. Brown, in his own right and as successor in interest of other heirs.

Later, objection was raised to the title to some of the real estate distributed to Mr. Brown, the prospective purchaser doubting the validity of the title for the reason that more than forty days had elapsed after the death of Ella S. Brown and before George S. Brown filed his petition for his appointment as administrator, and no notice was given of the hearing upon his petition. Mr. Brown, in order to avoid any question as to the validity of his title, January 15, 1932, filed in the superior court for Spokane county his petition, setting forth the foregoing facts and praying that the former probate proceeding be held void and quashed, and that letters of administration *de novo* be issued to him in due course of law. Notice of hearing was given upon this petition, whereupon the court made and entered an order reopening the estate and quashing all former proceedings, at the same time reappointing George S. Brown administrator of the estate of his late wife.

Mr. Brown qualified under this appointment by filing his oath and bond; whereupon, after further consideration, the superior court, on its own motion and over the protest of the administrator, made and entered an

order vacating and setting aside the order quashing the first probate proceedings, the order further reinstating the former proceeding and reestablishing the decree of distribution. To the entry of this order the administrator excepted, and from it he appeals.

This appeal presents the following question: Upon the filing by a surviving spouse, more than forty days after the death of the deceased spouse, of a petition for letters of administration upon the estate of the deceased spouse, does the statute require notice of the hearing on the petition?

The controlling law is found in Rem. Comp. Stat., § 1433, which reads as follows:

"When a petition for letters of administration or for letters of administration with the will annexed shall be filed, the clerk must give notice thereof, by causing notices to be posted in at least three public places in the county, one of which must be at the place where the court is held, containing the name of the decedent, the name of the applicant and the time at which the petition will be heard. Such notice shall be given at least ten days before the time fixed for such hearing, and the clerk shall have authority to fix the time of such hearing: *Provided, however,* No notice of hearing need be given or posted if the petition be presented by or on behalf of the surviving husband or wife, and on the presentation of such petition by or on behalf of the surviving husband or wife, the court may at once make appointment and cause letters of administration to be issued: *Provided, further,* That if there be a surviving spouse and the petition is presented by anyone other than the surviving spouse prior to forty days after the death of the intestate, notice to such surviving spouse shall be given as hereinbefore provided."

The last proviso contained in this section requires notice to the surviving spouse, if any, of the application for letters of administration presented by any third party, if any such petition be filed within forty

days after the death of the intestate. The first proviso dispenses with the necessity for notice of the hearing, if the petition be presented by or on behalf of the surviving spouse.

Appellant relies upon the opinion of this court in *In re Yarbrough's Estate,* 126 Wash. 85, 216 Pac. 889. In the case cited, the question of the appointment of a widow as administratrix of her husband's estate was considered from the standpoint of one who filed a petition to revoke letters of administration granted to the widow, the letters having been by the superior court canceled for the reason that the appointment of an administrator by the superior court of this state was unwarranted, the deceased having been a resident of Oregon and having left no property in Washington. The widow sought appointment as administratrix for the purpose of waging an action for the wrongful death of her husband against a railroad company, whose negligence she contended caused her husband's death, the accident having taken place in Oregon. The letters of administration were applied for more than forty days after the death of the husband. In considering the question presented, this court said:

"New letters were issued to her in July, 1922, upon notice and hearing. More than the statutory time within which the widow, as such, was entitled to appointment having elapsed, she stands in the same position as would a stranger, and the question is whether there was any jurisdiction in the court of this state to appoint an administratrix under the circumstances above outlined."

The language of the opinion in the case cited, relied upon by appellant, was mere dicta, and also should be considered in connection with the questions which were presented and determined, these questions being entirely different from those now under consideration. The case cited is not here controlling, and the language

contained in the opinion relied upon by appellant will be disregarded.

Careful examination of the statute above quoted convinces us that no notice need be given of an application for letters of administration filed by a surviving spouse, whether the petition for letters of administration be filed before or after the expiration of forty days from the date of death.

The order of the superior court herein appealed from was correct, and the same is hereby affirmed.

TOLMAN, C. J., STEINERT, and MAIN, JJ., concur.