ANNA JONES, as Administratrix of the Estate of JOHN B. JONES, Deceased, Plaintiff, *v.* R. YOUNG BROS. LUMBER COMPANY, Defendant.

Supreme Court, Nassau County, April 20, 1943.

*Strang & Taylor* for defendant.

*Meyer Feldman* for plaintiff.

PATTERSON, J. The defendant moves for judgment dismissing the complaint on the ground of lack of legal capacity of the

plaintiff to sue, to wit, that the Surrogate's Court of the County of Nassau was without jurisdiction to issue letters of administration to the plaintiff herein. The letters were granted by the Surrogate of Nassau County on the petition alleging decedent's residence in Lawrence, in the county of Nassau. It is alleged as a separate defense that the decedent at the time of his death, and for a long time prior thereto, was a resident of the county of Westchester and was never a resident of the county of Nassau; nor was he the owner of any property at the time of his death having a situs in the county of Nassau. It is also alleged in the moving affidavit by a disinterested witness that the decedent at the time of his death and for some time prior thereto was a resident of Westchester County.

The answering affidavit does not deny that fact, but counters with the proposition that the decree of the county of Nassau cannot be collaterally attacked. It is well established that if the court had no jurisdiction, the decree may be collaterally attacked. There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court.

It is the rule that in the absence of fraud or collusion, jurisdiction cannot be collaterally attacked, but in both the motion to dismiss under rule 107 of the Rules of Civil Practice for lack of capacity to sue, and in the answer, the defendant alleges fraud and collusion.

The written petition reciting the residence used in the Surrogate's Court only presumptively establishes jurisdiction of that court. Here, the defendant has shown that the decedent was a resident of Westchester County, and this establishes fraud and misrepresentation on the Surrogate in procuring letters of administration. Fraud and misrepresentation being present, the matter can be raised at a collateral proceeding. (See *Taylor* v. *Syme,* 162 N. Y. 513, 519; *Wise* v. *Wedlake,* 217 App. Div. 210; *Ziemer* v. *Crucible Steel Co.,* 99 App. Div. 169; *McCarthy* v. *Supreme Court of Foresters,* 107 App. Div. 185; *VanDusen* v. *Sturm,* 8 N. Y. S. 2d 757.)

The motion to dismiss must be granted.