[No. 33379. Department One. September 13, 1956.]

*In the Matter of the Estate of* JASPER LUDWIG, *Deceased.*
H. C. WILSON, *as Administrator, Appellant,* v. THE AMERICAN
TOBACCO COMPANY *et al., Respondents.*[1]

*Wayne J. Davies* and *William C. Blanchard,* for appellant.

*Holman, Mickelwait, Marion, Black & Perkins, Eggerman, Rosling & Williams, and Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondents.

FINLEY, J.—Jasper H. Ludwig, a resident of Nebraska, died intestate therein on December 16, 1952. His widow, Eva C. Ludwig, instituted probate proceedings in Nebraska.

On December 14, 1954, H. C. Wilson, a resident of King county, Washington, petitioned the superior court of that county for letters of administration respecting the above-entitled estate. Apparently, he did this by virtue of a telegram purporting to be from Mrs. Eva C. Ludwig and purporting to authorize Mr. Wilson

" . . . to appoint an administrator for the estate of Jasper H Ludwig and commence suit against tobacco companies for damages . . ."

[1]Reported in 301 P. (2d) 158.

Judge Douglas, of the superior court for King county, appointed H. C. Wilson as administrator of the Ludwig estate, and letters of administration were issued to him. On the following day, H. C. Wilson, as administrator, commenced an action in the district court of the United States against the tobacco companies involved in this case, seeking to recover damages in the amount of fifty-eight thousand dollars, claimed under the Nebraska statute for the alleged wrongful death of Jasper H. Ludwig. The decedent had never been a resident of the state of Washington. With the possible exception of the alleged cause of action against the tobacco companies relative to wrongful death under the Nebraska statute, no property of decedent was situated in Washington at the time of his death.

On February 1, 1955, the tobacco companies, defendants in the above-mentioned action in Federal court, filed a petition in King county superior court to revoke the letters of administration issued to H. C. Wilson. Their primary contention for revocation of the letters was that no property of the decedent was within the jurisdiction of the Washington court; that the assumption of jurisdiction by the probate department of such court contravened the established policy of the laws of this state, as announced in the case of *In re Yarbrough's Estate*, 126 Wash. 85, 216 Pac. 889, 222 Pac. 902. The petitioners also contended that Mr. Wilson had not filed an administrator's bond and had not given notice, as required by the probate statutes of Washington.

At a further hearing on the matter before Judge Wright of the King county superior court, an order was signed, revoking the letters of administration and dismissing the probate proceedings. The reasons given by Judge Wright in support of his action are expressed in his finding of fact No. 7 and his conclusions of law Nos. 1 through 5. These read:

FINDINGS OF FACT:
"7. No property of the said decedent is now, or ever has been, within the jurisdiction of this court."

CONCLUSIONS OF LAW:

"1. As a matter of policy, as was announced in the case of *In re Yarbrough's Estate,* 126 Wash. 85, 216 Pac. 889 (1923), affirmed on rehearing *en banc,* 126 Wash. 90, 222 Pac. 902 (1924), to allow this probate proceeding under the facts herein found is so liable to abuse and confusion that the parties should not·be allowed the use of the probate courts of this state.

"2. This court has no jurisdiction to appoint H. C. Wilson as administrator of the estate of the above-named decedent.

"3. A bond should have been filed in this proceeding by H. C. Wilson, as required by law.

"4. Notice of the hearing upon the petition of said H. C. Wilson for the appointment of himself as administrator should have been given and posted as required by law.

"5. The order appointing said H. C. Wilson as administrator of the estate of Jasper H. Ludwig, deceased, should be vacated and set aside and the letters of administration granted to H. C. Wilson should be revoked and the above-entitled probate proceedings dismissed."

H. C. Wilson is now attempting to appeal from the order revoking the letters of administration and dismissing the probate proceedings. His assignments of error relate to the above finding of fact and the above conclusions of law.

The respondent tobacco companies have moved to dismiss the appeal upon the ground that the appellant has no appealable interest and is not a "party aggrieved" by the order of the probate court within the purview of Rule on Appeal 14, 34A Wn. (2d) 20. In support of their motion to dismiss the appeal, the respondents rely on *Cairns v. Donahey,* 59 Wash. 130, 109 Pac. 334, and *State ex rel. Simeon v. Superior Court,* 20 Wn. (2d) 88, 145 P. (2d) 1017.

In the *Simeon* case, the relator was removed as administrator of an estate, *and another person was appointed to succeed him.* The court held that the person so removed was not "aggrieved," under the applicable rule of procedure and was not entitled to have the order of removal reviewed through appeal or by writ of review. In so holding, the court quoted from and relied on the applicable principles announced in the *Cairns* case. The *Cairns* case involved an appeal by an administrator from an order removing him,

*admitting a will to probate, and appointing an executor of the will.* The appeal was dismissed on the ground that the removed administrator had no appealable interest. The *Cairns* decision points out that the administrator was not asserting any personal claim for compensation that might be due for services rendered prior to his removal.

In the present case, appellant attempts to distinguish the *Simeon* and *Cairns* cases. It is true that the probate proceedings were not terminated in either of these cases, whereas in the instant case the appellant was removed as administrator and, in addition, the probate proceedings were dismissed or terminated.

Appellant contends that his removal and the termination of the probate proceedings will be fatal to the wrongful-death action instituted by him in Federal court; that the end result will be a diminution of the estate of the decedent. He urges that in connection with this appeal he is acting as a statutory trustee in behalf of beneficiaries under the Nebraska wrongful-death statute; that this constitutes him an "aggrieved party," with an appealable interest; in other words, that this appeal should not be dismissed and that the action of the probate court should be reversed to prevent diminution of the estate of the decedent—that is, to permit the continuance of the wrongful-death action in the Federal court.

This assumes that continuance of the ancillary proceedings in this state, and reinstatement of appellant as administrator, are necessary prerequisites to the maintenance of the action in the Federal court. These assumptions are not sound. As to a wrongful-death action, the Nebraska statute (2 Rev. Stat. of Nebraska (1943) 1372, § 30-810) provides:

". . . Every such action, . . . . shall be commenced within two years after the death of such person. It shall be brought by and in the name of his personal representatives, for the exclusive benefit of the widow or widower and next of kin. . . . *Provided*, such amount [received in settlement, or recovered by judgment] *shall not be subject to any claims against the estate of such decedent.*" (Italics ours.)

Numerous cases and authorities clearly hold that a domiciliary administrator *under statutes like that of the state of Nebraska* may institute a wrongful-death action in a foreign jurisdiction without the necessity of instituting ancillary proceedings therein. The reason for this principle of law is well stated in *Wiener v. Specific Pharmaceuticals,* 298 N. Y. 346, 83 N. E. (2d) 673, as follows:

"The rule barring foreign administrators from our courts is just and reasonable *only* if applied in cases, first, where there are domestic creditors, and, second, where the foreign administrator sues to recover a fund in which such creditors may share. Obviously, no prejudice threatens local creditors of the decedent if the wrongful death statute makes no provision for recovery on behalf of the general estate and, in fact, bars creditors' claims against the proceeds. Suing under such a statute, plaintiff acts, not as an officer of the foreign court appointed by it as *alter ego* for the estate, but as a trustee for the designated beneficiaries, the actual and real parties in interest. In such a case, the amount recovered truly constitutes a special fund for their exclusive benefit, and, since it is not subject to the claims of others, no danger exists that failure to require local qualification may harm or prejudice domestic creditors. With the primary and, perhaps, only reason for the rule thus removed, the rule itself has no sensible application and should not be invoked in this class of case.

"For that reason, we conclude, as have the courts of a number of other jurisdictions, that a foreign administrator, suing as statutory trustee, has standing to maintain a wrongful death action in this State upon the strength of his original letters."

See, also, *Reilly v. Antonis Pepe Co.,* 108 Conn. 436, 143 Atl. 568; *Siverling v. Lee,* 90 Fed. (Supp.) 659; *Connor v. New York, N. H. & H. R. Co.,* 28 R. I. 560, 68 Atl. 481; *Boulden v. Pennsylvania R. Co.,* 205 Pa. 264, 54 Atl. 906; *Janes v. Sackman Bros. Co.,* 177 F. (2d) 928; *Knight v. Moline, E. M. & W. R. Co.,* 160 Iowa 160, 140 N. W. 839; 3 Beale, The Conflict of Laws 1461, § 467.6; Stumberg, The Conflict of Laws 176; 162 A. L. R. 324.

■ To sum up the matter, the removal of appellant as administrator and the dismissal of the probate proceed-

ings in the instant case will not necessarily result in a diminution of the estate of the decedent because, despite the dismissal of the probate proceedings, the action in Federal court can be maintained by the domiciliary wrongful-death administratrix. This being true, the status of appellant in this appeal is not significantly different from that of the administrator in the *Simeon* case. In other words, he is not a *party aggrieved*; and since he has no appealable interest under the decision in the *Simeon* case, the motion to dismiss the instant appeal should be granted.

Although we do not get to a discussion of the appeal on the merits, we think some comment at this point regarding the *Yarbrough* case, *supra*, would be appropriate. We have in mind the statement therein that it is the established policy of this state to discourage the use of our probate courts for the litigation of wrongful-death claims presented under wrongful-death statutes of other states. We believe there were sounder reasons than this one for the result reached in the *Yarbrough* case. First, the Oregon statute was involved, and under it a wrongful-death recovery is in the nature of a general asset of the estate of the decedent and is subject to creditors' claims. Second, no probate proceedings had been instituted in Oregon which would have provided notice and some protection to Oregon creditors. Under the Nebraska statute involved in the instant case, a wrongful-death recovery is distributable to the statutory beneficiaries without being subject to claims of creditors of the estate of the decedent. Furthermore, in the instant case, probate proceedings were instituted in Nebraska, and the surviving spouse was appointed as administratrix. On the basis of the facts involved in the instant case, the *Yarbrough* case would be distinguishable and not controlling.

For the reasons we have indicated hereinbefore, the motion to dismiss the appeal is granted.

OTT, J., concurs.

SCHWELLENBACH and WEAVER, JJ., concur in the result.

October 31, 1956. Petition for rehearing denied.