[No. 33630. Department One. January 28, 1957.]

*In the Matter of the Estate of* JOHN M. WALDREP, *Deceased.* NORTHWEST AIRLINES, INC., *Appellant,* v. GERALDINE B. GORTER, *as Administratrix, Respondent.*[1]

*Karr, Tuttle & Campbell, Carl G. Koch,* and *Coleman P. Hall,* for appellant.

*John W. Riley,* for respondent.

[1] Reported in 306 P. (2d) 213.

FOSTER, J.—The deceased was a passenger on a Northwest Airlines plane which crashed in British Columbia on a flight originating in Japan destined for the McChord air force base in Pierce county, Washington. The deceased was a resident of Alabama. The Northwest Airlines, a Minnesota corporation, is qualified to do business in the state of Washington.

Appellant, by petition, challenged the jurisdiction of the court below to appoint a personal representative because the only asset of the estate is the action for wrongful death. From a judgment dismissing the petition, this appeal is taken.

Although there are five separate assignments of error, only one issue is raised and that is the jurisdiction under such circumstances to grant letters of administration.

The matter was submitted below upon excellent, written briefs by both counsel and disposed of by a painstaking written opinion by the learned and experienced trial judge. Nothing can be added to Judge Bean's opinion, and, omitting the title, it is adopted as the opinion of this court.

"Northwest Airlines, Incorporated, has petitioned this court for an order revoking Letters of Administration in the above entitled estate issued to Geraldine B. Gorter.

"John M. Waldrep was killed while a passenger on a Northwest Airlines plane enroute from Japan to Tacoma, Washington. The deceased was a resident of Alabama, his sole heir is a minor daughter who resides in New Mexico. The deceased met his death in a crash of the Northwest Airlines plane in the province of British Columbia, Canada. The administratrix brought action against the Northwest Airlines in the Federal Courts of the State of Washington, setting out three transitory causes of action:

"1. Action for wrongful death.

"2. An action for damages under the Warsaw Convention, a treaty of which the United States is a party, concerning damage actions by passengers injured on airlines flying internationally.

"3. An action based on a breach of contract of safe passage between the United States and Northwest Airlines, Incorporated.

"The question raised by the defendant is as follows: Was the administratrix legally appointed? Did the Superior

Court of Walla Walla County have jurisdiction to appoint an administratrix?

"The defendant does not question the right of a legally appointed and qualified administratrix to sue within the jurisdiction of her appointment, and does not claim that a cause of action for wrongful death is not a transitory action.

"The defendant maintains that the precise question on identical facts was before our Supreme Court in the case of In Re: Yarbrough's Estate, 126 Wash. 85. The defendant relies largely upon the Yarbrough Case.

"The Yarbrough case was an action for damages, brought in the State of Washington, by an Administratrix appointed in Washington, against the Oregon-Washington Railway and Navigation Company, for wrongful death arising out of a railroad accident in the State of Oregon. In the Yarbrough case, the deceased was a resident of Oregon, the defendant was an Oregon Corporation, the accident in which the deceased met his death occurred in the state of Oregon, the acts of negligence giving rise to the action occurred in the state of Oregon, and at the outset of the Court's opinion in the Yarbrough case, it is stated, that the respondent, an Oregon Corporation, had no person in the State of Washington upon whom service of process could be made, so far as the record in the matter discloses. It can be seen at a glance, that the State of Washington was an entire stranger to the action and all facts concerning the action, save for the fact that the plaintiff was appointed administratrix in King County, Washington. Logically, therefore, the action should have been brought in the State of Oregon, and more properly and efficiently could have been prosecuted in the State of Oregon, under Oregon laws.

"It is not strange, therefore, that the main basis of the decision in the Yarbrough case was as follows:

"'——we may better rest the decision on the ground that, to allow such a proceeding, is so liable to abuse and confusion that the parties will not be allowed to use our probabe courts.'

"The Court in the decision in the Yarbrough Case, proceeded in its opinion by quoting with approval from the case of Ziemer vs. Crucible Steel Co., 99 App. Div. 169, 90 N. Y. Supp. 962, in part as follows:

"'The habit of importing such litigations as this into this jurisdiction, consuming the time of the Courts, and requiring the people of the State of New York to bear the burden and expense of trying actions which ought to have been brought in other jurisdictions, where the home courts of the

litigants are open to afford adequate remedies, has become a great abuse and a just subject of complaint and protest— the flood gates of litigation in similar cases will be wide open, if not to establish a new legal industry, at all events to impose upon our already overworked courts the obligation to try actions imported from foreign jurisdictions.— We think that in the case at bar, as was said in that case, "there is not a fact or circumstance suggested in the whole record why the Courts of this state should be vexed with this particular litigation." '

"Thus the main basis of decision in the Yarbrough case was the fact that the State of Washington was an entire stranger to the entire proceeding and that the same should have been handled by the State of Oregon and the Courts of Washington should not have been burdened by this litigation. The reasoning which forced the conclusion in the Yarbrough case, under the facts of the Yarbrough case, loses its force and convincing power when considered in the light of the facts of the case at bar. In the case at bar,

"1. The party for whose benefit the action is prosecuted is a resident of New Mexico.

"2. The decedent was a resident of Alabama.

"3. The accident causing the death happened in British Columbia, Canada.

"4. The defendant is a Minnesota Corporation doing business in the State of Washington, and admittedly subject to suit in Washington and in fact has been served in the State of Washington where the case is now pending in the Federal Courts.

"5. Acts of negligence are claimed to have happened and taken place in the State of Washington.

"6. The destination of the plane in which the deceased was killed was McChord Field in the State of Washington.

"7. The Warsaw Convention under such facts gave jurisdiction of the case to the State of Washington.

"These facts are materially different from those in the Yarbrough Case wherein the Supreme Court concluded by saying:

" 'The Superior Court was correct in cancelling the letters, while all their rights are still preserved to all interested.' The statute has run on the prosecution of this case, should another application be made for the appointment of an administrator.

"The plaintiff herein is entitled to and must be afforded a bar of justice where her rights can be heard and tried. Where, more logically, can these issues be heard than in the

Courts of the State of Washington, especially in view of the fact that the Warsaw Convention, by its terms gives Jurisdiction to the State of Washington?

 "Chapter 3, Article 28, Section 1 of the Warsaw Convention provides:

" 'An action for damage must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the Court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, *or before the Court at the place of destination.*'

"The Courts of the State of Washington, 'being the Court at the place of destination,' would have jurisdiction of this action.

"It appears to the Court that the conclusion is inescapable that this Chose in Action is an asset of the decedent's estate in the State of Washington. Under such circumstances, it would not only be the right but the duty of the Courts of the State of Washington to afford to proper applicants the means with which to protect that property right. This was done in the appointment of the Administratrix herein. In Re: Rowley's Estate, 178 Wash. 460 states:

" 'In Lund vs. Seattle, 163 Wash. 254, we held that a right of action for wrongful death is an asset sufficient in itself to warrant the appointment of an administrator, although that maybe the only property of the deceased within the jurisdiction.' 23 C. J. 1009 says:

" 'Causes of action for wrongful death. In view of the fact that a cause of action for the wrongful death of a decedent is sometimes, although usually not, an asset of his estate, and of the very general requirement that such an action shall be brought by the executor or administrator of the decedent, the existence of such a cause of action is usually regarded as a sufficient basis for a grant of administration in the jurisdiction where such cause of action arose, *or where it may be enforced,* even though the decedent was a non-resident and left no other assets in the jurisdiction.'

"For the reasons stated herein, as well as others not set out herein, it is the Court's opinion, that the Superior Court of the State of Washington for Walla Walla County had jurisdiction to make the appointment of the administratrix.

"Petitioners application for revocation of Letters of Administration is therefore denied.

Glenn L. Bean (Signed)<br>JUDGE"

Since Judge Bean's decision, this court decided *In re Ludwig's Estate, ante* p. 312, 301 P. (2d) 158, but nothing in that opinion militates against the conclusions here reached.

The judgment appealed from is affirmed.

SCHWELLENBACH, DONWORTH, FINLEY, and ROSELLINI, JJ., concur.