[No. 4124.   Decided August 6, 1902.]

THE STATE OF WASHINGTON, *on the Relation of W. B. Stratton, Attorney General,* v. BOYD J. TALLMAN, *Judge of the Superior Court of King County.*

MANDAMUS — WHEN LIES — ADEQUATE REMEDY BY APPEAL.

The action of the court in striking the petition of the state contesting a will that had been admitted to probate and praying for the revocation thereof is appealable, under Bal. Code, § 6500, subd. 6, which grants an appeal "from any order affecting a substantial right in a civil action or proceeding, which either (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action," and hence mandamus will not lie to compel the court to hear the contest and permit the state to establish its rights in the estate.

*Original Application for Mandamus.*

*W. B. Stratton,* Attorney General, *C. C. Dalton* and *E. W. Ross,* for relator.

*Pratt & Riddle,* for respondent.

PER CURIAM.—This is an original application in this court for a writ of mandamus directed to the superior court of King county and to the Hon. Boyd J. Tallman, one of the judges thereof. The affidavit in support of the application states in substance that on the 26th day of September, 1900, one John Sullivan, being then a resident of King county, died, leaving real and personal property of the value of a half million dollars; that thereafter it was found by said court that said Sullivan died intestate and without heirs, and one Terence O'Brien was appointed administrator of his estate; that thereafter one Marie Carrau caused to be filed in said court a written document purporting to be a nuncupative will of said Sulli-

van, and such proceedings were had that an order was
made by said court admitting said alleged will to pro-
bate; that thereafter the state of Washington filed in
said probate cause a written petition contesting said will,
and praying that the probate thereof be revoked and set
aside, and, further, that a citation should issue requiring
said Marie Carrau and said Terence O'Brien to appear
before said court to show cause why said petition should
not be granted (the basis of said petition in behalf of the
state being the alleged fact that the deceased died intestate,
leaving no heirs or next of kin, and that his estate has
escheated to the state) ; that afterwards the said state of
Washington moved the court for an order directing cita-
tion to issue as prayed in its said petition, but that the re-
spondent by written order refused to issue such citation,
the order being as follows:

"The above entitled matter coming on regularly to be
heard in open court this 11th day of September, 1901, on
the petition of the attorney general of the state of Wash-
ington, for and on the part of the state of Washington,
heretofore filed in said matter, towit: on the 20th day of
June, 1901, contesting the nuncupative will of John Sulli-
van, deceased, as probated in this court, and making ob-
jections and exceptions to said nuncupative will, and
praying that the probate of said nuncupative will be re-
voked, set aside and held for naught and be declared by
this court to be void and without authority at law.   The
said state of Washington and its attorney general being
represented by C. C. Dalton, assistant attorney general,
and the said Marie Carrau, by her attorney W. F. Hays,
and the said administrator, by his attorneys Messrs. Pratt
& Riddle.   The attorney general at this time moving the
court for an order directing the clerk of this court to is-
sue a citation as prayed for in said petition, to the said
Terence O'Brien and Marie Carrau, requiring them to

appear before this court on a day therein to be specified to show cause why said petition should not be granted. Thereupon the said Marie Carrau objected to the granting of said motion for the reason that the state of Washington was not the next of kin to said deceased nor interested in his said estate and therefore had no standing in this court and therefore no right to file said petition, or to make said motion or appear in said matter. And further objected to the state being heard to object to the distribution for the reason that one year has not expired since the will was probated in which heirs might appear to contest the will, and claim ownership.

"And the court having listened to argument for and against said objection and being fully advised in the premises, and having duly considered the same does now sustain said objection and adjudge that the state of Washington has no right at this time to make said petition contesting said will and file the same or appear in said matter, and is not a proper party to appear in said probate proceeding to contest said will or for any purpose whatever, and the court does now refuse to consider said petition, and that said petition be stricken from the files."

The affidavit further alleges that said superior court, and the respondent as judge thereof, will, unless otherwise directed by this court, proceed with the administration and distribution of said estate, ignoring said contest on behalf of the state, and denying the state any right to contest said alleged will. For the foregoing reasons this court is asked to issue a peremptory writ of mandate, directed to the respondent as judge of said superior court, commanding him to immediately direct the clerk of said court to issue said citation, and also commanding respondent to immediately proceed to hear said contest, and that he shall permit the state of Washington, by its attorney general, to appear in said proceeding and litigate and establish its rights in said estate. The answer of respondent

states that a large number of persons claiming to be next of kin and sole heirs at law of said deceased have filed petitions contesting the validity of said nuncupative will, and that the same are as yet undetermined; that in at least one of said contests the issues are made up, and it is ready for trial. Demurrers were interposed to both the petition and answer, and all questions raised were submitted together upon the briefs of counsel, and without oral argument.

A number of questions are discussed in the briefs of the respective counsel relating to the power of the attorney general to appear in behalf of the state in such a proceeding as that instituted in the superior court, and also as to the right of the state to appear by any one in such a proceeding. It is contended by respondent that the right of the state to assert control of property alleged to have escheated is not an active, but a passive, right, and that, while the proper probate court is engaged in determining the legal disposition to be made of the property, the state has no right to interfere, but that the assertion of the state's claim becomes active when it has been lawfully determined that there are neither heirs nor legatees. The examination of these questions would involve extended discussion, and it is unnecessary to pass upon them here, for the reason that we think the relator has a remedy at law by appeal. Section 6500, Bal. Code, subd. 6, provides for an appeal as follows:

"From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; . . ."

The petition filed by the relator in the superior court was the commencement of a civil proceeding. The order

entered by the court had the effect to determine the proceeding in the superior court so as to prevent a final judgment therein, and thus came within the provision numbered 1 of said subdivision 6.  It also had the effect to discontinue the proceeding, and therefore came also within the provision numbered 2 of the same subdivision.  It has been repeatedly held by this court that extraordinary writs will not issue from this court when there is an adequate remedy by appeal.

For this reason the writ sought here is denied.