[No. 4592.   Decided March 19, 1903.]

*In the Matter of the Estate of Rosetta L. Sutton, Deceased,
G. D. SUTTON, Appellant, v. J. W. OSBORNE, Respondent.*

APPEALABLE ORDER — REFUSAL TO VACATE ORDER APPOINTING ADMINISTRATOR.

The denial of a motion to vacate an order appointing an administrator is an appealable order, under Bal. Code, § 6500, subd. 6, which allows appeal from any order affecting a substantial right in a civil action which either in effect determines the action and prevents a final judgment therein, or discontinues the action.

ADMINISTRATION OF DECEDENT'S ESTATE — PREFERENCE RIGHT OF HUSBAND — WAIVER.

Where a surviving husband neglected for three years to apply for letters of administration upon the estate of his deceased wife, his preference right to appointment would not entitle him to the vacation of an order appointing another as administrator, when there is nothing showing the incompetency or unsuitability of the latter, since it is provided by § 6141, Bal. Code, that if one entitled to administer shall neglect for more than forty days after the death of the intestate to apply for letters of administration, then the court may appoint any suitable and competent person to administer such estate.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge.   Affirmed.

*James Hopkins,* for appellant.

*R. E. Porterfield,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Rosetta L. Sutton died on the 21st day of September, 1899.   Her husband, G. D. Sutton, and four children, none of whom were minors, survived her.   The

deceased died in Spokane county, where she resided at the time of her death. She left an estate in that county of the probable value of $10,000. She died intestate, and no administrator of her estate was appointed until October 6, 1902. On the last named date the respondent, J. W. Osborne, upon his own petition and that of the children of the deceased, was appointed administrator. It appears from the record that notice of hearing upon the petition was regularly given for September 29, 1902, and that on said date, when the matter was called for hearing, upon the request of appellant, who was present in court, the hearing was postponed until October 6, 1902. Upon the last-named date the matter came on for hearing, and respondent was appointed as aforesaid. Appellant appears not to have been present at the time of the hearing, but afterwards, and upon the same day, he and his attorney appeared before the judge, and were advised as to what had been done. Thereafter appellant filed a motion to vacate the aforesaid order of appointment, and also moved that he be appointed administrator. The motion was accompanied with affidavits containing alleged reasons for the absence of appellant at the time of the hearing when the order of appointment was made, and was also accompanied with a formal petition showing that appellant is the surviving husband of the deceased, and asking his appointment for that reason. The motion was denied. Appellant thereafter gave notice of appeal, and has appealed from the order denying the motion to vacate the order of appointment.

Respondent urges that the order denying the motion to vacate is not an appealable one, on the alleged ground that it is an interlocutory order, and does not fall within any of the classes of appealable orders. We think the order

is appealable under § 6500, Bal. Code, which provides that any party aggrieved may appeal to this court in the cases therein named. Subdivision 6 of said section provides as follows: "From any order affecting a substantial right in a civil action or proceeding which either (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action. . . ." The effect of the order appealed from is to determine and discontinue the proceeding as far as any rights of appellant in the premises may be concerned, and he is therefore entitled to an appeal. The statute was so construed in *State ex rel. Stratton v. Tallman,* 29 Wash. 317 (69 Pac. 1101).

Appellant bases his claim of right to have the order of appointment vacated on the ground that he is the surviving husband, and as such, has the right of administration over all others, under the provisions of § 6141, Bal. Code. It will be observed by reference to said section that, if one entitled to administer shall neglect for more than forty days after the death of the intestate to present a petition for letters of administration, then the court may appoint any suitable and competent person to administer such estate. There is no statement of facts here showing the testimony heard by the court at the time respondent was appointed. It must therefore be presumed that the testimony was sufficient to show respondent to be a suitable and competent person to administer, and the order of appointment is tantamount to a finding to that effect. The statute gives the court the undoubted power to appoint any suitable and competent person if those specially entitled to administer shall not present a petition within forty days after the decedent's death. For nearly three years after the death of his wife, appellant neglected to petition

for his appointment. He first appears in court to resist the appointment of another, whose petition has come on regularly to be heard, and as ground for such resistance asserts a preference right to be appointed himself. Under the statute, he had lost that preference right by his own neglect. His neglect did not necessarily render him incompetent to administer, and under some circumstances, perhaps, the court might have regarded him the most suitable person. The attention of the court was, however, first called to this estate, not by appellant, but by the joint petition of respondent and the children of the deceased. It will be presumed by this court under the record that good reasons appeared to the court below for making the appointment which it did, and for refusing to vacate the order of appointment. The appointment of respondent was asked by the children of the deceased, who are interested in the estate. The power to make such an appointment being clearly given by statute, the order should not be disturbed unless it were made satisfactorily to appear that respondent is not a suitable and competent person. As stated, there is no evidence to that effect in the record, and it is not even asserted that such is the fact.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR and ANDERS, JJ., concur.