[No. 5383.    Decided October 17, 1904.]

THE STATE OF WASHINGTON, *on the Relation of George S. Casedy, Plaintiff*, v. THE INTER-STATE FISHERIES COMPANY *et al., Defendants.*[1]

RECEIVERS—DISCHARGE—REVIEW BY CERTIORARI—RECEIVER NOT A PARTY. A writ of review to review an order discharging a receiver will not lie upon the application of the receiver, as he is not a party interested therein or aggrieved thereby.

Certiorari, upon application of a receiver, to review an order of the superior court for King county, Hon. William H. White, Judge *pro tempore,* entered August 8, 1904, removing the receiver, upon application of an intervenor. Writ denied.

*H. E. Foster,* for relator.

FULLERTON, C. J.—This is an application for a writ of review. From the affidavit filed in support of the application, it appears that the applicant was, at the suit of a creditor, appointed receiver of The Inter-State Fisheries Company, an insolvent corporation; that he duly qualified as such by giving bond and taking the oath of office; that he thereupon entered upon his duties as such receiver, and continued in the performance thereof until August 8, 1904, when he was removed by the court on the application of an intervenor in the suit in which he was originally appointed. The removal was made by a judge *pro tempore,* and it is alleged that the judge was without right to hear such an application, that he refused to hear certain evidence offered by the applicant, and that he otherwise acted arbitrarily in making the removal.

We are of the opinion that no cause for issuing the

[1]Reported in 78 Pac. 202.

writ is shown.  No matter how much the receiver may feel aggrieved at the action of the court in removing him, he individually cannot complain.  A party to the action has an interest in the personnel of the receiver, and it might be that, if the court should arbitrarily remove one and appoint another, he could have the orders reviewed in some way, but no such right belongs to the receiver. He may have orders relating to his compensation, his accounts, or his acts while receiver, reviewed, when he is aggrieved by such orders, but whether he personally shall or shall not continue as receiver is a question he has no right to litigate.

HADLEY, ANDERS, MOUNT, and DUNBAR, JJ., concur.