[No. 8322. Department Two. June 21, 1910.]

J. W. Cairns, *Administrator, etc., Appellant,* v.

Harvey A. Donahey, *Respondent.*[1]

Appeal—Right to Appeal—Executors and Administrators—Interest in Subject-Matter. Where no order has been made which tends to impair or diminish the estate and no final order has been entered determining the matter of his compensation, an administrator of an estate, appointed on the theory that the deceased died intestate, has no such interest in the subject-matter as to entitle him to appeal from an order revoking his letters and admitting a will to probate, as required in such case by Rem. & Bal. Code, § 1375.

Appeal from an order of the superior court for Whitman county, Sullivan, J., entered March 5, 1909, admitting a will to probate and revoking letters of administration, upon sustaining a demurrer to the answer and the entry of a default. Dismissed.

*John Pattison,* for appellant.

*Hanna & Hanna,* for respondent.

Crow, J.—On June 6, 1908, J. W. Cairns filed his petition in the superior court of Whitman county for letters of administration upon the estate of Rebecca A. Donahey, deceased, alleging that, on June 2, 1908, she died intestate. With the petition he also filed a written request for his appointment, signed by E. T. Trimble and H. A. Donahey, who were the sons and only heirs at law of the decedent. Letters were issued to Cairns, who qualified as administrator, filed an inventory, and published notice to creditors. Thereafter H. A. Donahey, one of the heirs of the deceased, filed his petition for the production and probate of her last will and testament, which he alleged was in the possession of the ad-

[1]Reported in 109 Pac. 334.

ministrator. After citation the administrator produced the alleged will and filed his amended answer, in which he alleged:

"That on the 8th day of June, 1908, upon the written request of E. T. Trimble and H. A. Donahey, he the said H. A. Donahey being the identical person who petitioned the court for the probate of said will, said J. W. Cairns filed herein his petition for his appointment as administrator of the estate of said Rebecca A. Donahey, deceased; that after due and legal notice being given of said petition for appointment of said administrator, the above court on the 20th day of June, 1908, duly and regularly appointed said J. W. Cairns the administrator of said estate of Rebecca A. Donahey, deceased; that said J. W. Cairns on the 30th day of June, 1908, duly filed his bond as said administrator and the same was on said day duly approved; that on the 22d day of July, 1908, said J. W. Cairns duly qualified as said administrator and letters of administration were on said day duly issued to said J. W. Cairns and ever since said time said J. W. Cairns has been and now is the duly qualified and acting administrator of said estate.

"Said J. W. Cairns objects to the probate of said purported will and to the revocation of his appointment as administrator of said estate for the following reasons:

"That on the — day of May, 1908, at the residence of said Rebecca A. Donahey, near the city of Colfax, Whitman county, state of Washington, said Rebecca A. Donahey being then in feeble health physically but being in the possession of all of her natural faculties and of sound mind and fully understanding the nature of her acts, requested J. W. Cairns of Colfax, Washington, now administrator herein, to procure the will that she had executed on the 19th day of May, 1905, being the will now on file herein, and then and there stated to the said J. W. Cairns, that she desired said will so that she might destroy, burn and revoke the same; said J. W. Cairns then and there procured a paper resembling said will and stated to said Rebecca A. Donahey, and said J. W. Cairns placed said paper, which he had represented to the said Rebecca A. Donahey was her said last will, in the stove at the residence of and in the presence of said Rebecca A. Donahey and burned and destroyed the same and said J. W. Cairns then and there stated to the

said Rebecca A. Donahey that he had burned and destroyed said will; said Rebecca A. Donahey believed the said statements of said J. W. Cairns and stated that she was now satisfied that said will was burned, destroyed and revoked."

The will by its terms devised one dollar to E. T. Trimble, and the remainder of the estate to H. A. Donahey who was named as executor. E. T. Trimble, as an heir at law, filed an answer, objecting to the probate of the will. To his answer and the amended answer of the administrator separate demurrers were sustained, and defaults were afterwards entered. Thereafter, on proof taken, the will was admitted to probate, H. A. Donahey was appointed executor and J. W. Cairns was removed as administrator, his letters being revoked. On May 12, 1909, Cairns filed his report as administrator, which was approved, permission being granted him to renew his request for compensation in the due course of administration. From the order admitting the will to probate, appointing H. A. Donahey executor, and revoking the letters of administration, this appeal has been taken by the administrator alone.

The respondent, H. A. Donahey, has interposed a motion to dismiss the appeal, in substance contending that the order entered is not one from which the administrator may appeal. An appellant must have an interest in the subject-matter of the appeal. Otherwise he is not entitled to obtain a review of the order, decree, or judgment of which he complains. Appellant was appointed administrator upon the theory that Mrs. Donahey died intestate. When her will was admitted to probate it became the duty of the trial court to revoke his letters. Rem. & Bal. Code, § 1375. He was a stranger to the will and the estate. In *Cullen v. Bowen*, 36 Wash. 665, 79 Pac. 305, this court held that a stranger to a will cannot be heard to question its validity. In the case of *In re Cannons' Estate*, 18 Wash. 101, 50 Pac. 1021, this court, while holding that an executor might appeal from an order which tended to impair the estate, said:

"We also are of the opinion that the executor could take the appeal, even though any of the parties interested in the proceeds of the estate could have prosecuted one. The case is essentially different from that of a contest between claimants to the estate as heirs or devisees, when it is ready for distribution. There the administrator or executor may not take sides, for if so he might resist the rightful claimant at the expense of the estate to which he might ultimately be found entitled. Such claims do not impair the estate, but relate only as to who is entitled to the same. But here was a claim that would materially diminish the estate, and it was resisted on the ground that it could not be made to any extent a lawful charge upon the community estate of A. M. and Jennie F. Cannon; and that is the only question we have to consider in this connection. It being the duty of the executor to protect and preserve the estate pending its settlement, in discharging such duty he must have the right to appeal from an order like the one here in question, and, without discussing the various authorities cited by the parties, it is sufficient to say that such a right is generally sustained."

No order has been made in this cause which tends to impair and diminish the estate, or which calls upon the administrator to prosecute an appeal for its preservation. If Mrs. Donahey in fact died intestate, her estate would descend to her two sons as her only heirs at law, in equal shares. Under the will, E. T. Trimble will receive one dollar as a legacy, and the remainder of the estate will pass to H. A. Donahey. These two sons are the only persons interested in the final distribution, but neither of them has appealed. It is no concern of the administrator whether the estate shall be administered under the will or not.

"Besides having an interest in the subject-matter of the suit, it is necessary, in order to maintain an appeal, that the person taking it be injuriously affected by the judgment, order, or decree appealed from, so that one cannot appeal from a decision, however erroneous, which does not affect his substantial rights." 4 Enc. L. & P. 81.

We fail to understand how the administrator has any interest in the subject-matter of this appeal, or how he is in-

juriously affected by the final order entered.  He has no interest in the estate other than for compensation that may be due him.  The heirs at law appeared in person, one to obtain an order probating the will and the other resisting the same, and as we have stated, neither of them has appealed, although they are the only parties in interest.  No final order has been entered in the matter of compensation due Cairns as administrator, for the services of himself or his attorney.  Had such an order been made and had he been aggrieved thereby, he would have such an interest as would entitle him to an appeal.  But no such question is presented by the record before us.

The appeal is dismissed.

RUDKIN, C. J., MOUNT, DUNBAR, and PARKER, JJ., concur.