[No. 29241.   Department One.   February 15, 1944.]

THE STATE OF WASHINGTON, *on the Relation of S. H. Simeon,* *as Administrator, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Christ D. Lillions,* for relator.

*Granville Egan,* for respondent.

GRADY, J.—This proceeding is here upon a writ of review, directed to the superior court of the State of Washington for King county and the Honorable John A. Frater, judge thereof, to certify and send to this court a transcript of the record and proceedings had and taken in connection with the making and entry of an order of the court removing S. H. Simeon as administrator of the estate of Nick Dado, deceased, and appointing another to succeed him.  The respondent judge made due return to the writ, and a hearing has been had thereon.

[1]Reported in 145 P. (2d) 1017.

At the opening of the argument of the case before this court, there was served upon the attorney for the relator a motion to dismiss the proceeding upon the ground that one who has been removed as an administrator of an estate by order of court has no right of appeal to this court or to have the order reviewed by a writ of review. The only facts that need be referred to in order to present the legal question involved here are that the relator was appointed by the superior court of Washington for King county as administrator of the estate of Nick Dado, deceased, and he thereupon qualified as such in the manner provided by law. During the progress of the administration of the estate, a petition was filed, praying that he be removed as administrator. A hearing was had, and it resulted in the making of the order of removal.

Although the title of this proceeding would indicate that it is being prosecuted by the relator in his official capacity as administrator of the estate, not only does the relator assert that he comes before this court in an individual capacity, but this also must necessarily be so because he now has no representative status, as the order of removal is final and binding until set aside or vacated. In view of this situation, we need not consider the right of appeal or review by an administrator in his representative capacity, but are limited to the concrete question of whether one who has been removed as an administrator by an order of court can have the order reviewed by an appeal or by writ of review.

The order in question, being a final one, would have been appealable, but the remedy by appeal being inadequate it may be reviewed by a writ of review; however, we think the right to review in this manner is governed by the same rules and principles as the right to appeal, as our statutes relating to a writ of review do not provide who may seek such a writ. Rem. Rev. Stat., § 1716 [P. C. § 7290], provides that "Any party aggrieved may appeal to the supreme court . . ."

The precise question presented does not appear to

have been considered by this court. We have not had cited to us any case from any other jurisdiction and, after independent research, we have not found any helpful authority. The general rule, under a statute like ours, is that no one can appeal to an appellate court unless he has a substantial interest in the subject matter of that which is before the court and is aggrieved or prejudiced by the judgment or order of the court. Some personal right or pecuniary interest must be affected. The mere fact that one may be hurt in his feelings, or be disappointed over a certain result, or feels that he has been imposed upon, or may feel that ulterior motives have prompted those who instituted proceedings that may have brought about the order of the court of which he complains, does not entitle him to appeal. He must be "aggrieved" in a legal sense. *Elterich v. Arndt,* 175 Wash. 562, 27 P. (2d) 1102; *Terrill v. Tacoma,* 195 Wash. 275, 80 P. (2d) 858.

In *Cairns v. Donahey,* 59 Wash. 130, 109 Pac. 334, an administrator was appointed. During the administration of the estate, a will of the decedent was discovered. Over the objection of the administrator, the will was admitted to probate and the letters of administration revoked. The one who had acted as administrator appealed. In granting the motion to dismiss the appeal, we said, p. 133:

"It is no concern of the administrator whether the estate shall be administered under the will or not.

" 'Besides having an interest in the subject-matter of the suit, it is necessary, in order to maintain an appeal, that the person taking it be injuriously affected by the judgment, order, or decree appealed from, so that one cannot appeal from a decision, however erroneous, which does not affect his substantial rights.' 4 Enc. L. & P. 81.

"We fail to understand how the administrator has any interest in the subject-matter of this appeal, or how he is injuriously affected by the final order entered. He has no interest in the estate other than for compensation that may be due him. The heirs at law appeared in person, one to obtain an order probating the will and the other resisting the same, and as we have stated, neither of them has appealed, although they are the only parties in interest. No

final order has been entered in the matter of compensation due Cairns as administrator, for the services of himself or his attorney. Had such an order been made and had he been aggrieved thereby, he would have such an interest as would entitle him to an appeal. But no such question is presented by the record before us."

We have held that a receiver appointed by the court and who has qualified as such cannot appeal from an order removing him. *State ex rel. Casedy v. Inter-State Fisheries Co.*, 36 Wash. 80, 78 Pac. 202. In that case, we said:

"We are of the opinion that no cause for issuing the writ is shown. No matter how much the receiver may feel aggrieved at the action of the court in removing him, he individually cannot complain. A party to the action has an interest in the personnel of the receiver, and it might be that, if the court should arbitrarily remove one and appoint another, he could have the orders reviewed in some way, but no such right belongs to the receiver. He may have orders relating to his compensation, his accounts, or his acts while receiver, reviewed, when he is aggrieved by such orders, but whether he personally shall or shall not continue as receiver is a question he has no right to litigate."

The legal principles announced are applicable to the situation now before us, and we think, under these authorities and upon principle, that the relator has no right to have the order of the court removing him as administrator reviewed by this court, and that this proceeding must be dismissed.

It is so ordered.

SIMPSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.

March 28, 1944. Petition for rehearing denied.