[No. 37344.    Department One.    March 11, 1965.]

*In the Matter of the Estate of* Elmer J. Howerton, *Deceased.*
Mildred Howerton McCoy *et al., Appellants,* v.
Emma G. Howerton, *Respondent.**

*S. Dean Arnold,* for appellants.

*Moore & Stanfill,* for respondent.

Hunter, J.—This case concerns the construction of a will. The second paragraph of the last will and testament of the testator, Elmer J. Howerton, provides:

"Second: In the event that my wife, Emma Godlove Howerton, survives me, I give, bequeath and devise to her *an undivided one-half interest in and to all of the property of which I may die seized,* whether real, personal or mixed, wheresoever situated and howsoever evidenced, *it being my intention to give, bequeath and devise to my wife an undivided one-half interest in and to any and all separate property owned by me at the time of my death and the community undivided one-half interest in and to any and all community property owned by my wife and me* at the time of my death." (Italics ours.)

The third paragraph makes provision for a daughter of the testator's former marriage:

*Reported in 400 P. (2d) 85.

"THIRD: To my daughter, Opal Howerton Darrah, I give, bequeath and devise *an undivided one-sixth interest in and to all of the community* and separate *property of which I may die seized,* whether real, personal or mixed, whereso-ever situated and howsoever evidenced." (Italics ours.)

The fourth and fifth paragraphs make the same provisions for the other two children of the testator's prior marriage.

The trial court held that it was the intention of the testa-tor to devise one-half of all the property of which he died seized to his surviving spouse, Emma Howerton, and one-sixth to each of his three children. The property was dis-tributed, accordingly, in the order of final account and dis-tribution. Mildred Howerton McCoy, as executrix and as one of the surviving children, together with the other sur-viving children by the former marriage, appeal.

It is appellants' contention that the second clause of para-graph two of the will expressly states it was the testator's "intention" that his surviving wife be devised one-half of his separate property and one-half of the community prop-erty owned by *"my wife and me* at the time of my death"; that the testator's intention is controlling and other incon-sistent provisions must be considered modified accordingly.

The surviving spouse argues, however, that such clause raises an ambiguity which cannot control the unam-biguous provisions of the will. We agree and believe the rule of construction stated in the case of *In re Thomas' Es-tate,* 17 Wn. (2d) 674, 677, 136 P. (2d), 1017, 147 A.L.R. 598 (1943), to be the applicable rule in construing the will in the instant case:

"The fundamental rule of construction is that a court, in construing a will, will endeavor to give effect to every part of it. It follows that, within all reasonable limits, the courts will endeavor to reconcile two apparently inconsistent pro-visions of a will, rather than to wholly disregard one or the other, and *it is a well-recognized rule that an unambiguous provision will not be controlled or modified by a doubtful or ambiguous provision found elsewhere. . . ."* (Italics ours.)

It is patently clear that the second clause of paragraph two is inconsistent with the first clause of that paragraph in the will.

Under the community property laws of this state the testator "died seized" of one-half of the community property belonging to him and his wife. *Herrick v. Miller,* 69 Wash. 456, 125 Pac. 974 (1912); *Collins v. Collins,* 152 Wash. 499, 278 Pac. 186 (1929). He could not, therefore, give her one-half of his half share of the community property in one clause and none of his share of the community property in the next clause, without creating an ambiguity in that paragraph of the will.

The remaining paragraphs of the will are unambiguous and are consistent with the first clause of paragraph two. The ambiguous provision must be reconciled with the unambiguous provisions, and the former may not modify the latter.

In applying this rule, the express language of paragraphs three, four and five controls the testator's intent that the children each were to receive one-sixth of the property of which he died seized, which would be one-half of his half share of the community property. It therefore follows that it was his intention that his wife receive the remaining three-sixths of his share of the community property.

The judgment of the trial court is affirmed.

The respondent contends that Mildred Howerton McCoy, in her representative capacity as executrix, was not a proper party to this appeal, and that costs of this appeal should not be assessed against the estate. We agree. Rules on Appeal 14, 16, RCW Vol. 0; *Cairns v. Donahey,* 59 Wash. 130, 109 Pac. 334 (1910); *In re Maher's Estate,* 195 Wash. 126, 79 P. (2d) 984, 117 A.L.R. 91 (1938); *In re Gallinger's Estate,* 31 Wn. (2d) 823, 199 P. (2d) 575 (1948). The costs will be assessed against Mildred Howerton McCoy, in her individual capacity, together with the other children of the deceased, appellants in this case.

HILL, DONWORTH, OTT, and HALE, JJ., concur.