[No. 15748-2-III.    Division Three.    December 4, 1997.]

*In the Matter of the Estate of* ALLYN A. WOOD.

NANCY C. RUSSELL, *Appellant*, v. ARDELLA LABELLE, ET AL., *Respondents.*

974

*Scott C. Broyles*, for appellant.
*Thomas L. Ledgerwood*, for respondents.

KATO, J. — Nancy Russell was appointed personal representative of Allyn A. Wood's estate. The court later removed her as personal representative and appointed Ardella LaBelle. Ms. Russell appeals. After considering a motion to determine the appealability of that order, we conclude Ms. Russell may appeal as a matter of right.

Ms. Wood died on September 20, 1994. On October 18, Nancy Russell, her daughter, petitioned to have the will admitted to probate. The will appointed Ms. Russell personal representative. On October 19, the court admitted the will to probate and issued letters testamentary to Ms. Russell.

In November 1995, Ms. Russell's siblings became concerned about her management of the estate. They filed a motion to revoke the letters testamentary issued to Ms. Russell and to appoint Ardella LaBelle, another of Ms. Wood's children, as personal representative. The court heard oral testimony and found that (1) Ms. Russell was a nonresident who had not appointed a resident agent; (2) substantial questions regarding the handling of funds by Ms. Russell existed; and (3) Ms. Russell made an unsecured loan from estate funds. The court entered an order removing Ms. Russell as personal representative and appointing Ms. LaBelle.

Ms. Russell appealed the order. The clerk of this court set a motion to determine appealability before a commissioner, who referred the question to the panel.

Ms. Russell contends an order revoking letters testamentary and removing a personal representative is an appealable final order under RAP 2.2. RAP 2.2(a) lists several types of superior court proceedings from which a party may appeal. Failure to mention a particular proceeding in RAP 2.2(a) indicates an intent that the matter be reviewable only under the guidelines for discretionary review. *Department of Soc. & Health Servs. v. Chubb*, 112 Wn.2d 719, 721, 773 P.2d 851 (1989). Because the order removing Ms. Russell is appealable, we need not consider whether discretionary review is appropriate.

Ms. Russell can appeal the court's decision as a matter of right if the order is a decision determining action. RAP 2.2(a)(3). A decision determining action is any written decision affecting a substantial right which in effect determines the action and prevents a final judgment or discontinues the action. *Id.* Orders removing a personal representative have been deemed appealable as decisions affecting substantial rights. V. Woerner, Annotation, *Right of Appeal from order on application for removal of personal representative, guardian, or trustee*, 37 A.L.R.2D 751, 755 (1954).

*In re Estate of Sutton*, 31 Wash. 340, 341, 71 P. 1012

(1903), involved an intestate deceased with a third party being appointed administrator of the estate. The surviving husband moved to vacate the order appointing the administrator and asked that he be appointed. The trial court denied the motion; he appealed. The Supreme Court stated he had the right to appeal because the order discontinued the proceeding as far as any rights he had to administer the estate. *Id.* at 342. Here, Ms. Russell was named the personal representative in her mother's will. The order removing her discontinued the probate proceeding with respect to her rights as the appointed personal representative. Thus, the order was a decision determining action which entitled Ms. Russell to an appeal as a matter of right.[1]

■■ ■ Ms. LaBelle also claims that Ms. Russell lacks standing to bring this appeal. Only an aggrieved party may seek review of a superior court decision. RAP 3.1. An aggrieved party is someone whose proprietary, pecuniary, or personal rights are substantially affected. *In re Guardianship of Lasky*, 54 Wn. App. 841, 848, 776 P.2d 695 (1989). When the administrator has no interest in the probate action other than being the administrator, he or she lacks standing to appeal. *State ex rel. Simeon v. Superior Court*, 20 Wn.2d 88, 90-91, 145 P.2d 1017 (1944); *Cairns v. Donahey*, 59 Wash. 130, 133-34, 109 P. 334 (1910). But Ms. Russell has an interest as an heir as well as being the personal representative, a distinguishing factor which can confer standing. *Id.* at 133-34.

Moreover, Ms. Russell was appointed personal representative in the will. *Cairns* deals with an administrator of an estate who was appointed on the allegation the decedent died intestate. *Id.* at 130. As an heir and the

---

[1]As an aggrieved party, Ms. Russell may also be entitled to an appeal as a matter of right because the order was final. *See State ex rel. Simeon v. Superior Court*, 20 Wn.2d 88, 89, 145 P.2d 1017 (1944); *State ex rel. Barry v. Superior Court*, 179 Wash. 55, 57, 35 P.2d 1095 (1934); *State ex rel. Kempf v. Superior Court*, 151 Wash. 289, 296, 275 P. 694 (1929). In pre-rule cases, it appears that the Supreme Court viewed orders appointing and removing personal representatives as final orders. *But see Estate of Sutton*, 31 Wash. at 342.

person appointed in the will as the personal representative, Ms. Russell has an interest in the probate action which has been affected by the order removing her as the personal representative. The will granted her the specific authority to administer the estate. As an heir, she has a pecuniary and personal interest in the administration of her mother's estate. Thus, she qualifies as an aggrieved party and has standing to bring this appeal.

The order is appealable as a matter of right.

KURTZ and BROWN, JJ., concur.