# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br><br>DARRELL BRYANT<br><br><br><br>RUSSELL BRYANT and KENNETH BRYANT,<br><br>Respondents,<br><br>v.<br><br>ROBERT J. CADRANELL II,<br><br>Appellant. | No. 85931-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Robert J. Cadranell II appeals a trial court order awarding attorney fees and costs in favor of Russell and Kenneth Bryant in this action under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW. Russell and Kenneth filed a TEDRA petition to remove Cadranell as the co-administrator of the Estate of Darrell Bryant (the Estate) due to statutory notice violations.[1] The trial court granted the petition, removed Cadranell as co-

---

[1] Because they share the same last name, we refer to the Bryant brothers by their first names for clarity.

administrator, and ordered him to pay attorney fees and costs incurred by Russell and Kenneth totaling approximately $73,000. Because the trial court did not abuse its discretion in awarding such fees and costs, we affirm.

I

Darrell Bryant died intestate in 2019. At the time of his death, he was married to Marie Fieldhouse and had three living siblings (Russell, Kenneth, and William) and no children. After Darrell's death, Fieldhouse initiated probate proceedings for the Estate and was appointed as administrator. Russell, Kenneth, and William subsequently filed an action to have Fieldhouse removed as administrator and replace her with a professional fiduciary based on alleged breaches of her fiduciary duties. Soon after, Fieldhouse filed a motion to appoint Cadranell as co-administrator of the Estate. The motion was granted without oral argument.

Russell and Kenneth then filed an amended TEDRA petition requesting that the court remove Cadranell as co-administrator for failure to provide proper notice of his appointment. A trial court commissioner held a hearing on the amended TEDRA petition and entered an order setting the matter for trial. Russell and Kenneth then filed a motion to revise the commissioner's order, arguing, among other alleged errors, the commissioner erred in failing to address the amended petition on the merits and resolve all issues related to Cadranell's appointment as required by TEDRA.[2]

___

[2] In support of this argument, Russell and Kenneth cited RCW 11.96A.100(8), which states, "Unless requested otherwise by a party in a petition or answer, the initial hearing must be a hearing on the merits to resolve all issues of fact and all issues of law."

As detailed below, the trial court granted the motion for revision and removed Cadranell as co-administrator of the Estate based on numerous statutory notice violations. The court also awarded Russell and Kenneth attorney fees and costs under TEDRA, determined that Cadranell was responsible for 90 percent of the fees and costs, and entered judgment on that portion of the award (totaling approximately $73,000) against Cadranell individually. Cadranell appeals.

II

Preliminarily, Fieldhouse, Russell, and Kenneth argue Cadranell lacks standing to appeal. We disagree.

RAP 3.1 provides "[o]nly an aggrieved party may seek review by the appellate court." An "'aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected.'" *Harris v. Griffith*, 2 Wn. App. 2d 638, 646, 413 P.3d 51 (2018) (quoting *In re Guardianship of Lasky*, 54 Wn. App. 841, 848-50, 776 P.2d 695 (1989)). It is well-settled law "[w]hen the administrator has no interest in the probate action other than being the administrator, he or she lacks standing to appeal." *In re Estate of Wood*, 88 Wn. App. 973, 976, 947 P.2d 782 (1997). But where an administrator has interests beyond their appointment alone, they have standing to appeal regarding those interests. For example, in *Lasky*, 54 Wn. App. at 848-50, an attorney was an "aggrieved party" for the purpose of appealing an order imposing sanctions against him but was not an "aggrieved party" for the purpose of appealing an order removing him as the legal guardian of an incompetent adult.

Applying these legal principles here, we reject Fieldhouse, Russell, and Kenneth's standing argument. Although Cadranell's opening brief is sweeping in

scope, he acknowledges on reply he is not challenging the trial court's orders and judgment to the extent they remove him as the Estate's co-administrator and instead seeks to vacate the judgment only to the extent it affects him individually. He also asserts he is "aggrieved by the monetary provisions that detrimentally affect him." While Cadranell does not have standing to seek reinstatement as the co-administrator of the Estate, he has standing to appeal the trial court's order awarding attorney fees and costs and the corresponding judgment against him individually.

III

Turning to the issue on which Cadranell has standing, Cadranell argues the trial court abused its discretion in ordering him to pay attorney fees and costs incurred by Russell and Kenneth in litigating the notice issues relating to his appointment as co-administrator of the Estate. We disagree.

A

TEDRA gives trial courts broad powers in disputes arising out of the administration of an estate "to proceed with such administration and settlement in any manner and way that to the court seems right and proper." RCW 11.96A.020(2). We accord significant deference to trial court decisions in TEDRA proceedings and generally review such decisions for abuse of discretion. *See In re Estate of Fitzgerald*, 172 Wn. App. 437, 448, 294 P.3d 720 (2012). "A trial court abuses its discretion if its decision is based on untenable grounds or is for untenable reasons." *Union Bank, N.A. v. Vanderhoek Assocs., LLC*, 191 Wn. App. 836, 842, 365 P.3d 223 (2015).

Trial courts also have "broad discretion" under TEDRA to award attorney fees and costs. *Sloans v. Berry*, 189 Wn. App. 368, 379, 358 P.3d 426 (2015). "Because of the 'almost limitless sets of factual circumstances that might arise in a probate proceeding,' the legislature 'wisely' left the matter of fees to the trial court," which may properly consider "any and all factors that it deems to be relevant and appropriate." *In re Estate of Boatman*, 17 Wn. App. 2d 418, 428, 435, 488 P.3d 845 (2021) (quoting *In re Estate of Black*, 116 Wn. App. 476, 489, 66 P. 3d 670 (2003), and RCW 11.96A.150(1)[3]). Accordingly, "[w]e will not interfere with the trial court's decision to allow attorney fees in a probate matter, absent a manifest abuse of discretion." *Black*, 116 Wn. App. at 489.

The trial court here exercised this broad authority under TEDRA to remove Cadranell as co-administrator of the Estate based on statutory notice violations and award attorney fees against Cadranell for opposing the petition to remove him based on those violations. Addressing the notice issue, the trial court ruled:

> Mr. Cadranell and Ms. Fieldhouse violated several statutes affecting the estate in the process of having Mr. Cadranell appointed and issued Letters of Administration. The violated statutes include the failure to provide the Bryant heirs with statutorily required advance notice of the Motion to Appoint [Mr. Cadranell] Co-Administrator and Mr. Cadranell's Petition for Letters of Administration (RCW 11.68.041); the failure to state the names, ages, and addresses of the heirs of the deceased in the Motion to Appoint Co-Administrator (RCW 11.28.110); the failure to have either Mr. Cadranell or his attorney sign and verify the Motion to Appoint Co-Administrator (RCW 11.28.110); the failure to note an oral hearing for either the

---

[3] RCW 11.96A.150(1) states: "(1) Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, *the court may consider any and all factors that it deems to be relevant and appropriate*, which factors may but need not include whether the litigation benefits the estate or trust involved." (Emphasis added).

motion to appoint Mr. Cadranell Administrator or Mr. Cadranell's Petition for Letters of Administration (RCW 11.68.050), and the failure to serve the heirs with notice of Mr. Cadranell's alleged appointment and the pendency of the probate proceedings in compliance with RCW 11.28.237.

Turning to Cadranell's accountability for these statutory notice violations, the trial court further ruled:

> The wholesale failure to comply with the statutes reflects either a lack of due diligence or an attempt to deprive the Bryant heirs of notice and opportunity to be heard. As a putative Administrator, Robert Cadranell's role was that of an "officer of the court and a fiduciary for the heirs." *Hesthagen* [*v. Harby*], 78 Wn.2d [934,] 941[, 481 P.2d 438 (1971)]. "The personal representative stands in a fiduciary relationship to those beneficially interested in the estate." *Estate of Larson*, 103 Wn.2d 517, 521, 694 P.2d 1051 (1985). Mr. Cadranell is held to the rule of strict accountability, *Stewart v. Baldwin*, 86 Wn. 63, 69, 149 P. 662 (1915), and is "obligated to exercise the utmost good faith and diligence" and to use "skill, judgment, and diligence" in the best interests of the heirs. *Hesthagen*, 78 Wn.2d at 942. In addition to being the Administrator, Mr. Cadranell is himself an attorney, and was also represented by an attorney. This Court finds no reason to excuse the violations of the statutes.

The court then concluded, "Petitioners Kenneth and Russell Bryant are awarded their reasonable fees and costs in this matter under RCW 11.96A.150." The amount of the award against Cadranell individually was then determined by separate order.

Significantly, Cadranell does not separately assign error to any trial court finding as required by RAP 10.3(g). Nor does Cadranell argue that he or Fieldhouse strictly complied with the statutory notice provisions listed in the trial court's order (RCW 11.68.041, RCW 11.28.110, RCW 11.68.050, and RCW 11.28.237). To the contrary, Candranell admitted in the trial court "there is no evidence supporting [Fieldhouse's] attorney, Scott Gifford, mailed notice to the Estate's heirs." Despite that concession, Cadranell asserts on appeal a litany of

disparate arguments attacking the trial court proceedings and pertinent rulings. We identify and address those arguments below.[4]

B

1. Cadranell argues the trial court could not properly assess attorney fees against him individually because (a) such fees may be awarded only when the administrator engages in "inexcusable conduct" and (b) the record shows he did not engage in any such conduct. As to point (a), Cadranell cites *Boatman*, which holds "where litigation is necessitated by the inexcusable conduct of the fiduciary, the fiduciary individually must pay those expenses." 17 Wn. App. 2d at 427. As to point (b), Cadranell references a trial court order determining the amount of fees to be awarded to Cadranell and counsel for work performed on behalf of the Estate. While that ruling arguably shows that Cadranell complied with the trial court's directives in *administering* the Estate, it does not address whether his *appointment* as co-administrator inexcusably violated statutory notice requirements—which is the controlling issue here. That latter issue is governed by the trial court ruling that we identify and quote on pages 5-6 above.

2. Cadranell argues he was "deprived of procedural due process" because the trial court found him 90 percent liable for Russell and Kenneth's attorney fees and costs. Contrary to Cadranell's argument that Russell and Kenneth "unilaterally

---

[4] The court has endeavored to identify Cadranell's arguments despite numerous deficiencies in his appellate briefing. Among other deficiencies, Cadranell did not specify the requested relief until he filed his reply brief (as discussed in section II above), in violation of RAP 10.3(a)(7). He lists 16 assignments of error and then fails to elaborate on many of them in the body of his briefs. He often raises the same or similar arguments in piecemeal fashion in different sections of his briefs. Many of his arguments fail to cite to the record or legal authority. When he does cite legal authority, the cited authority is insufficient to support the corresponding assertion. And for virtually all his arguments, he fails to explain how the trial court erred and what remedy he is seeking.

allocated approximately 90% of the fault to Cadranell," the trial court clearly explains why it found their arguments persuasive in its order awarding fees. After conducting a lodestar analysis and reviewing the fee requests in detail, the trial court identified and entered judgment against Cadranell for the fees and costs it determined were related to his conduct. Cadranell has not established any abuse of discretion in so ruling.

3. Cadranell argues notice of his appointment as co-administrator of the Estate was provided to Russell and Kenneth by alternative means. He cites RCW 11.28.131, but that provision relates to notice to a spouse of the decedent. As Darrell's brothers, not his spouse, Russell and Kenneth never argued the spousal notice statute applied, nor do we so hold. Cadranell also argues Russell's and Kenneth's legal representatives received electronic notice of his co-appointment as RCW 11.96A.110(1) allows. That statute provides:

> [I]n all judicial proceedings under [Title 11] that require notice, the notice must be personally served on or mailed to all parties or the parties' legal or virtual representatives . . . Notwithstanding the foregoing, notice that is provided in an electronic transmission and electronically transmitted complies with this section *if the party receiving notice has previously consented in a record delivered to the party giving notice to receiving notice by electronic transmission*.

RCW 11.96A.110(1) (emphasis added). This argument fails because there is no evidence of consent to electronic notice as RCW 11.96A.110(1) requires.

4. Cadranell cites *In re Estate of Walker*, 10 Wn. App. 925, 931, 521 P.2d 43 (1974), for the proposition that Russell and Kenneth waived their right to statutory notice by participating in the administration of the Estate. That is not what *Walker* holds. As this court noted in *In re Estate of Little*, 127 Wn. App. 915, 923, 113 P.3d 505 (2005), *Walker* "merely shows that when an estate is reopened upon

a petition by individuals who were not given notice, persons who were duly notified and who have already had their rights in the estate adjudicated will not necessarily be entitled to a brand new start." Nowhere does *Walker* foreclose the right of heirs to object to lack of notice of the appointment of a co-administrator where their participation in the estate is to object to that appointment.

5. Cadranell objects to the trial court's jurisdiction, arguing the priority of action doctrine "requires courts of coordinate jurisdiction, power, and authority to allow the first court that has jurisdiction and authority to act before a second court . . . exercises its power." Cadranell does not include citations to the record to identify what alleged error may exist, but his brief implies it was error for multiple judges to hear various matters under different cause numbers associated with the Estate. This argument ignores RCW 11.96A.090, which states:

> (1) A judicial proceeding under this title is a special proceeding under the civil rules of court. The provisions of this title governing such actions control over any inconsistent provision of the civil rules.
>
> (2) A judicial proceeding under this title must be commenced as a new action.
>
> (3) Once commenced, the action may be consolidated with an existing proceeding upon the motion of a party for good cause shown, or by the court on its own motion.
>
> (4) The procedural rules of court apply to judicial proceedings under this title only to the extent that they are consistent with this title, unless otherwise provided by statute or ordered by the court under RCW 11.96A.020 or 11.96A.050, or other applicable rules of court.

To establish that Cadranell should be removed as co-administrator, Russell and Kenneth commenced a new action under 11.96A.090(2). Objecting to granting Cadranell's letters of administration in a new action under a new cause number was not an attempt to interfere with any particular judge's authority but was instead

meant to comply with TEDRA procedure. Thereafter, although the statute permitted a party or the court to propose consolidation, to the extent of our record it was neither requested nor granted. Accordingly, the petition remained under its own cause number for adjudication. Cadranell's jurisdictional argument thus fails.

6. Cadranell asserts a TEDRA petition must be "verified." Two issues plague this argument. First, TEDRA's verification requirements did not apply to Russell and Kenneth's petition because it concerned whether Cadranell's appointment followed statutory notice requirements in appointing him co-administrator under RCW 11.68.041, which contains no provision requiring verification. Second, even if verification was required, the TEDRA petition was verified weeks prior to the trial court's written order regarding the petition. In response to this evidence, Cadranell argues the verification was a "legal nullity" because Russell and Kenneth did not have leave of court to file the amended TEDRA petition that added the verification. Cadranell raises this issue for the first time on appeal. Since the trial court did not have the opportunity to address it, we will not consider it. *See* RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.").

7. Cadranell argues the trial court "was limited to the record before the Commissioner" when it decided both Russell and Kenneth's motion to revise the commissioner's order and their amended TEDRA petition. He cites RCW 2.24.050 and *In re Marriage of Moody,* 137 Wn.2d 979, 976 P.2d 1240 (1999), to support his argument, but does not analyze how either authority applies to this case. An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority." RAP 10.3(a)(6). Here, because

Cadranell does not provide a coherent legal argument explaining why he believes the trial court was limited to the record before the trial court commissioner when the commissioner scheduled the TEDRA petition for trial without addressing the petition on the merits, his argument is waived.

8.    Cadranell complains that Russell and Kenneth should not have been permitted to disqualify more than one judge in other cases related to the Estate. We reject this argument because Cadranell did not properly assign error on this basis.  "The scope of a given appeal is determined by the notice of appeal . . . ." *Clark County v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a)).  "[T]he notice of appeal must properly designate the decision or part of the decision that the party wants reviewed."  *Id*. at 144-45 (citing RAP 5.3(a)(3)).  Despite this requirement, the notice of appeal includes only orders associated with the TEDRA action at issue, not orders disqualifying judges in other cause numbers associated with the Estate.  This argument is therefore waived.

9.    Cadranell argues the "exclusive means to collaterally attack a void judgment is by bringing a CR 60(b)(5) motion."  This rule provides relief from a final judgment that is void.  Here, however, the probate of the Estate remains open, and CR 60 therefore does not apply.  Filing a TEDRA action to dispute Cadranell's appointment as co-administrator was a proper mechanism to seek relief, and the trial court did not abuse its discretion in addressing it.  This argument, like the others, thus fails.  Contrary to Cadranell's many arguments, the trial court below did not abuse its discretion in awarding attorney fees and costs and entering judgment against him individually.

IV

Lastly, Russell, Kenneth, Cadranell, and Fieldhouse seek attorney fees and costs on appeal. "If attorney fees are allowable at trial, the prevailing party may recover fees on appeal." *Aiken v. Aiken*, 187 Wn.2d 491, 506, 387 P.3d 680 (2017) (citing RAP 18.1). Here, the trial court awarded attorney fees in favor of Russell and Kenneth pursuant to RCW 11.96A.150(1). Because Russell and Kenneth recovered attorney fees below and are the prevailing parties on appeal, we grant their request for attorney fees and costs on appeal subject to compliance with RAP 18.1. Since Cadranell did not prevail on appeal, we deny his request for appellate attorney fees. Nor is Fieldhouse entitled to fees on appeal because her only issue is related to Cadranell's standing, and she did not prevail on that issue. Accordingly, we also deny Fieldhouse's request for appellate attorney fees.

Affirmed.

Feldman, J.

WE CONCUR:

Birk, J.

Hazelrigg, A.C.J.