# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Guardianship of:<br><br>W.C.,<br><br>        A Vulnerable Adult. | No.  60746-8-II<br><br>UNPUBLISHED OPINION |

PRICE, A.C.J. — Angelina Corona appeals the superior court's order removing her as guardian for her father, W.C., and appointing a professional guardian as successor guardian.[1] Because Corona is not an aggrieved party and there are no grounds for her to assert third-party standing on W.C.'s behalf, Corona has no standing to bring this appeal.  Accordingly, this appeal is dismissed.

## FACTS

In February 2024, an Oregon court appointed Corona and her brother, Michael Corona,[2] as co-guardians for their father, W.C.  Over the next two years, W.C. was moved to several different care facilities in Oregon, Idaho, and Washington.  In December 2024, W.C. was hospitalized in a Legacy Health Systems facility.

---

[1] This case involves both a guardianship and conservatorship.  For ease of reference, we use guardianship to refer collectively to both the guardianship and the conservatorship, and we use guardian to refer collectively to the guardian and conservator.

[2] Many of the family members share the same last name.  We will use first names as necessary for clarity.  We intend no disrespect.

In January 2025, Legacy Health filed a petition in Clark County to transfer jurisdiction of W.C.'s guardianship to Washington and to appoint a professional guardian as a successor guardian. After a conference between the judicial officer of Clark County Superior Court and the judicial officer of the Oregon court, the Oregon court relinquished jurisdiction to Washington. Clark County Superior Court assumed jurisdiction of the guardianship and appointed Corona and Michael as co-guardians, pending resolution of Legacy Health's petition to appoint a successor guardian. The superior court also appointed a court visitor[3] and counsel for W.C.

On February 21, 2025, the superior court held a hearing on Legacy Health's petition to appoint a professional guardian as a successor guardian. After considering arguments by the parties and the court visitor's report, the superior court determined that it was in W.C.'s best interests to grant the petition. The superior court entered an order discharging the current co-guardians, Corona and Michael, and appointing a professional guardian.

Corona appeals, challenging her removal as W.C.'s co-guardian. The appointed professional guardian provided notice that it would not be participating in this appeal because it had not filed the petition for appointment and took no position on Corona's removal as co-guardian. The attorney who previously represented Legacy Health in its petition was granted permission to file an amicus brief. The amicus argues that Corona has no standing to appeal her removal.

---

[3] RCW 11.130.280 provides for the appointment of a court visitor in proceedings related to the guardianship of an adult. The court visitor is responsible for interviewing the parties involved, investigating allegations, and preparing a report for the court. RCW 11.130.280(6)-(7).

ANALYSIS

Contrary to the position of the amicus, Corona argues that she has standing to appeal the superior court's order removing her as a guardian both because she is an aggrieved party and because she has established third-party standing on behalf of W.C. We disagree.

A. AGGRIEVED PARTY

RAP 3.1 provides that "[o]nly an aggrieved party may seek review by the appellate court." An aggrieved party is a party whose proprietary, pecuniary, or personal rights are substantially affected. *In re Guardianship of Lasky*, 54 Wn. App. 841, 848, 776 P.2d 695 (1989). As the courts have explained,

> "no one can appeal to an appellate court unless [they have] a substantial interest in the subject matter of that which is before the court and is aggrieved or prejudiced by the judgment or order of the court. Some personal right or pecuniary interest must be affected. The mere fact that one may be hurt in [their] feelings, or be disappointed over a certain result, or feels that [they have] been imposed upon, or may feel that ulterior motives have prompted those who instituted proceedings that may have brought about the order of the court of which [they] complain[], does not entitle [them] to appeal. [They] must be 'aggrieved' in a legal sense."

*Id.* at 849 (quoting *State ex rel. Simeon v. Superior Ct.*, 20 Wn.2d 88, 90, 145 P.2d 1017 (1944)).

Generally, a guardian who is removed has no standing to appeal the removal order. *Id.* at 850. The rationale for this general rule is that the removed guardian has no personal right or interest in acting as a guardian and, thus, cannot be aggrieved in the legal sense by their removal. *Id.*

Despite this, Corona asserts that she has standing because she has both pecuniary interests and personal rights that were affected by the order appointing the successor guardian. First, Corona claims that her pecuniary interests are affected because she is one of W.C.'s heirs and

payment of fees to a professional guardian reduces the money in W.C.'s estate, which necessarily reduces Corona's inheritance.

Corona relies on *In the Matter of the Estate of Wood*, 88 Wn. App. 973, 947 P.2d 782 (1997), to argue that her status as one of W.C.'s heirs is sufficient to create standing. In *Wood*, one of the decedent's daughters was appointed personal representative of the estate under the terms of the decedent's will. 88 Wn. App. at 974. After concerns arose over the administration of the estate, the probate court removed the personal representative and appointed another one of the decedent's children as personal representative. *Id.* at 975. On appeal, the court held that the removed personal representative had standing as an aggrieved party because (1) she was an heir and the superior court's order had a substantial effect on the administration of the estate in which she had an interest, and (2) she had a personal interest in serving as personal representative because she had been appointed as personal representative in the decedent's will. *Id.* at 976-77.

*Wood*, being a probate action rather than a guardianship case, provides little guidance here. The purpose of a probate action is administration of an estate. Therefore, orders in an estate case can have a substantial effect on the assets available to an estate, thereby directly affecting the pecuniary interest of the heirs of the estate. However, the purpose of a guardianship is to provide for the management of the health, safety, and financial affairs of a person in need of protective arrangements. RCW 11.130.001. Any effect of the superior court's orders in a guardianship case on the future distribution of the protected person's estate is simply too indirect and incidental to create a substantial effect on the pecuniary interests of the protected person's heirs. Accordingly, Corona has failed to demonstrate a pecuniary right that is substantially affected by the superior court's order appointing a successor guardian.

Second, Corona claims that her personal rights were affected because the original appointment as W.C.'s co-guardian by the Oregon court established a legal right to priority consideration for appointment as a successor guardian, which has now been lost. In specifying the order of priority for guardian appointment, RCW 11.130.305(1)(a) provides that a guardian from another jurisdiction has the highest priority:

> Except as otherwise provided in subsection (3) of this section, the court in appointing a guardian for an adult shall consider persons qualified to be guardian in the following order of priority:
>
> (a) *A guardian, other than a temporary or emergency guardian, currently acting for the respondent in another jurisdiction*;
>
> (b) A person nominated as guardian by the respondent, including the respondent's most recent nomination made in a power of attorney;
>
> (c) An agent appointed by the respondent under a power of attorney for health care;
>
> (d) A spouse or domestic partner of the respondent;
>
> (e) A relative or other individual who has shown special care and concern for the respondent; and
>
> (f) A certified professional guardian or conservator.

(Emphasis added). However, this list of priorities is not absolute. RCW 11.130.305(3) gives the superior court authority to deviate from the list:

> The court, acting in the best interest of the respondent, may decline to appoint as guardian a person having priority under subsection (1) of this section and appoint a person having a lower priority or no priority.

These statutes do not help Corona. Nothing in these statutes confers a legal right on any particular person to act as a guardian. And especially because the plain language of RCW 11.130.305(3) provides the superior court with broad discretion to deviate from the priority considerations, Corona cannot establish she had a personal right to act as guardian for W.C. Thus,

5

Corona has failed to establish a personal right that was substantially affected by the superior court's order.[4]

While we recognize Corona clearly has significant emotional and personal investment in W.C.'s care, Corona has not established a pecuniary or personal right that was substantially affected by the superior court's order appointing a successor guardian. Because Corona has not been " 'aggrieved in a legal sense,' " she is not an aggrieved party who may appeal under RAP 3.1. *Lasky*, 54 Wn. App. at 849 (quoting *Simeon*, 20 Wn.2d at 90).

B. THIRD PARTY STANDING

Corona also asserts that she has third party standing to appeal the order on behalf of W.C. Because W.C. was represented by counsel during the proceedings and has an appointed guardian capable of asserting his interests, we disagree.

Generally, a person lacks standing to vindicate the rights of a third party. *In re Guardianship of Cobb*, 172 Wn. App. 393, 401, 292 P.3d 772 (2012), *review denied*, 177 Wn.2d 1017 (2013). "But a litigant may have standing to vindicate the rights of a third party where (1) the litigant has suffered an injury-in-fact, giving him or her a sufficiently concrete interest in the outcome of the disputed issue, (2) the litigant has a close relationship to the third party, and (3) there exists some hindrance to the third party's ability to protect his or her own interests." *Id.* at 401-02.

---

[4] In any event, Corona had already received the benefit of the prioritization of RCW 11.130.305(1)(a) when she was initially appointed co-guardian by the superior court at the time it assumed jurisdiction from the Oregon court. At the point when the superior court removed Corona, she was the then-appointed guardian here in Washington and, by definition, she was no longer acting for the respondent in another jurisdiction. Therefore, the priority of RCW 1.130.305(1)(a) had no application to the superior court's removal order.

Assuming, without deciding, that the first two elements would be satisfied, Corona has not established that there is some hindrance to W.C.'s ability to protect his interests in relation to the order appointing a successor guardian. W.C. was represented by counsel throughout the proceedings to appoint a successor guardian, and his counsel could have appealed the superior court's order on W.C.'s behalf but chose not to do so. Corona has not identified anything that suggests W.C.'s counsel was hindered in any way from protecting W.C.'s interests. Further, the superior court appointed a professional guardian as W.C.'s successor guardian, who is also able to vindicate or protect W.C.'s interests. Although Corona complains about some of the guardian's current care decisions, she has not demonstrated that there is some legal hindrance to the appointed guardian's ability to represent W.C.'s interests. Accordingly, Corona has failed to establish third party standing to appeal the order on behalf of W.C.

## CONCLUSION

Corona has failed to show either that she is an aggrieved party in the legal sense or that she has third party standing. Accordingly, this appeal is dismissed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, A.C.J.

We concur:

MAXA, J.

CHE, J.

7