JACOBUS, J.
Clayton Castetter appeals the final judgment imposing a constructive trust in favor of the appellee, Michelle Henderson, on property titled solely in Castetter’s name. Based on a lack of competent evidence to support the trial court’s judgment, we reverse.
Castetter and Henderson entered into a romantic relationship in 1988 in Illinois, moved to Florida in 1990, and had a son in August of 1995. Since 1988, the parties resided together on-and-off but never married. During one period of separation, Castetter had a relationship with another woman; however, in 2001, Castetter returned to living with Henderson on a more permanent basis.
*154 Throughout the couple’s relationship, Castetter accumulated real property— mostly rental properties — and titled each property solely in his name. The couple resided in Castetter’s houses for a majority of their relationship. For the most part, Castetter obtained the properties without down payments and only by his assumption of existing mortgages. It is undisputed that Henderson did not contribute any money toward the purchase of Castetter’s properties. Indeed, Henderson was unaware that Castetter purchased some of the properties. She, also, knew her name was not on the deed of the property where they most recently lived. Henderson asked to be placed on the deed, but Castetter refused. When the couple resided together in Castetter’s houses, the parties divided living expenses. Castetter paid the mortgage, insurance, taxes, auto maintenance, and electric bill, while Henderson paid for food, cleaning supplies, and expenses for their son. Henderson cleaned the house and performed other services.
Both parties worked during their relationship. Castetter was a deputy sheriff who worked eighteen-hour days and started his own trucking businesses. Ultimately, Castetter left the sheriffs office and devoted his time to his trucking businesses. Henderson worked at a minimum wage job and occasionally worked without pay at one of Castetter’s businesses as a bookkeeper and receptionist. Her most recent employment is with the tax collector’s office. The parties never commingled funds, their bank accounts were separate, and Castetter gave money to Henderson for the purchase of items when necessary.
At some point, the relationship broke down and Castetter brought an action against Henderson for ejectment. Henderson counterclaimed, asking the trial court to impose a constructive trust or equitable lien or to award damages for unjust enrichment for her contribution to the purchase of Castetter’s properties. Henderson contended that the parties agreed she would pay the expenses of the household and Castetter would put his funds toward the purchase of the properties. After a bench trial, the trial court denied Castetter’s action for ejectment and granted Henderson’s request for a constructive trust, giving her an undivided, one-half interest in each of the seventeen pai’cels owned by Castetter. Castetter contends there is no evidence in the record supporting the trial court’s finding. We agree.
The trial court made no findings of fact in its final judgment. Thus, the final judgment does not inform this Court from which evidence the trial court drew its conclusions. As such, this Court must accept the facts as indicated by the evidence most favorable to the prevailing party. New Nautical Coatings, Inc. v. Scoggin, 731 So.2d 145,146 (Fla. 4th DCA 1999). If this Court determines that the lower court failed to give legal effect to the evidence in its entirety, the decision is “clearly erroneous” and this Court must reverse. Holland v. Gross, 89 So.2d 255, 258 (Fla.1956); see also Garcia v. Carter Constr. Co., 794 So.2d 728, 724 n. 1 (Fla. 3d DCA 2001) (‘Where, as here, the trial court makes no findings of fact, ‘the appellate court must determine whether, based on the record, the proper analysis would have produced the result reached by the trial court.’ ” (quoting Town of Jupiter v. Alexander, 747 So.2d 395, 400 (Fla. 4th DCA 1998))).
In Florida, no legal rights or duties flow from mere cohabitation. Posik v. Layton, 695 So.2d 759, 761 (Fla. 5th DCA 1997); see also § 741.211, Fla. Stat. (2013) (providing that common-law marriages entered into after January 1, 1968, are void). A court may, however, impose a *155 constructive trust to do equity between unmarried cohabitants. Evans v. Wall, 542 So.2d 1055, 1056 (Fla. 3d DCA 1989). The party seeking to establish a constructive trust “must establish it by proof- to the exclusion of all reasonable doubt.” Smith v. Smith, 108 So.2d 761, 764 (Fla.1959); see also Harris v. Harris, 260 So.2d 854, 855 (Fla. 1st DCA 1972) (“Before a constructive trust in real property will be created, the person claiming such interest must prove beyond a reasonable doubt by clear and convincing evidence those factors which give rise to the trust”). The four elements that must be established for a court to impose a constructive trust include: (1) a promise, express or implied; (2) a transfer of property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment. Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022, 1024 (Fla. 4th DCA 1996); Heina v. La-Chucua Paso Fino Horse Farm, Inc., 752 So.2d 630, 637 n. 4 (Fla. 5th DCA 1999).
Here, the record is void of evidence supporting the fulfillment of the elements to establish a constructive trust. It is undisputed that Henderson made no financial contribution to the properties purchased by Castetter and she did nothing to improve or manage properties. Henderson’s sole contention is that as a result of her financial contribution to the household expenses, she freed up funds for Castetter to purchase the properties; however, defraying mutual living expenses is not enough to create an interest in real estate. Smith, 108 So.2d at 763.
Henderson cites Evans in support of the lower court’s ruling. 542 So.2d 1055. In Evans, as here, a man sought to eject his former female companion from his property and she counterclaimed for a constructive trust. Id. at 1056. The property was titled solely in the man’s name. Id. The woman asserted that she contributed to the property by helping to cultivate and pick crops and by assisting in the construction of a building on the property. Id. The trial court found in favor of the woman and imposed an $8,000 equitable lien on the property. Id. On review, the court affirmed the judgment because the record contained competent, substantial evidence supporting the trial court’s finding that the woman contributed to the properties by her actions. Id. That is not the case here. Henderson’s contributions amount only to mutual living expenses and unquantified labor.
In sum, our review of the record reveals there are no facts to support the trial court’s imposition of a constructive trust in favor of Henderson. Therefore, the final judgment is reversed and the case remanded to enter a judgment in favor of Castetter on his action for ejectment and against Henderson on her counterclaims.
REVERSED and REMANDED with instructions.
TORPY and BERGER, JJ., concur.