IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of Estate of KIMBERLY ANN BLOWERS, | ) ) ) | No. 74932-3-I |
| Deceased. | ·) ) | DIVISION ONE |
| ALEXANDER SHANE ROESER, | ) ) | |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| ESTATE OF KIMBERLY ANN BLOWERS, | ) ) ) | |
| Respondent. | ) ) | FILED: October 2, 2017 |

SCHINDLER, J. — Florida resident Kimberly Ann Blowers died intestate in a car accident in Washington. The only asset of the estate is a wrongful death action and the sole beneficiary is her minor daughter Layla Leininger. Blowers' father filed an intestate probate action in Florida. Without notice to Blowers' father or Layla, Blowers' fiancé Alexander Shane Roeser filed an intestate probate action in Snohomish County Superior Court to pursue a wrongful death action on behalf of Layla and requested appointment as personal representative of the estate of Blowers with nonintervention powers without bond. The court entered an order appointing Roeser as the personal representative of the estate and issued letters testamentary. Meanwhile, the Florida court appointed Layla's father Daniel Leininger as the personal representative of the

estate of Blowers. After learning about the Washington court order, Leininger filed a motion to dismiss the probate administration in Washington. A Snohomish County Superior Court commissioner dismissed the probate and cancelled the letters of administration. The superior court adopted the order of the commissioner and denied the motion to revise. Roeser appeals the order denying revision. Leininger moves to dismiss the appeal for lack of standing. Because Roeser is not an aggrieved party entitled to review, we grant the motion and dismiss the appeal for lack of standing.

Car Accident

Kimberly Ann Blowers and Daniel Leininger married. Their daughter Layla was born in 2005. Blowers and Leininger separated in 2007 and later divorced.

In 2007, Alexander Shane Roeser moved from Washington to Tampa, Florida to operate Trans Marine Propulsion Systems. In 2012, Blowers and Roeser were involved in a romantic relationship and lived together in Tampa, Florida. Layla lived with her father in Casselberry, Florida and attended Sterling Park Elementary School. Layla spent time with her mother in Tampa on the weekends.

In June 2015, 32-year-old Blowers and 10-year-old Layla went on a road trip with Roeser to visit her brothers and Roeser's family and friends in Washington. Blowers and Roeser planned to get married when they returned to Florida.

At the end of the road trip, they visited Roeser's friend Jonathan Scholz near Colfax, Washington. They planned to leave to return to Florida on July 15. Roeser and Layla went to bed early the night before. Blowers and Scholz stayed up and later went for a drive in his Mercedes. According to the police report, at approximately 2:00 a.m. on July 15, the Mercedes left the road, "traveled through the ditch, launched and struck

a sign post[,] then started rolling and tumbling until it impacted a cluster of trees and caught fire." Blowers and Scholz died in the crash.

Probate Proceedings

Blowers died intestate. The only asset of the estate was a wrongful death claim and the sole heir is her daughter Layla Leininger.

On August 20, 2015, Blowers' father Timothy Blowers filed a probate action and petition for admission of the Estate of Kimberly Ann Blowers (Estate) in Hillsborough County Circuit Court, Florida.

On September 30, 2015, Roeser filed a petition in Snohomish County Superior Court for "Appointment of Personal Representative; Grant of Non-Intervention Powers Without Bond; and Issuance of Letters Testamentary." The petition states Blowers was a resident of Tampa, Florida and identifies "those most closely related to the decedent" as:

> Alexander Shane Roeser — fiancé, 4313 W. Vasconia Street, Tampa, FL 33629
> Layla Leininger — minor daughter, Tampa, FL
> Timothy Blowers — father, 657 Brookedge Terrace, Sebastian, FL 32958
> Christopher Scott Blowers — brother, 50 Worcester Road, Oxford, MA 01540
> Travis Cody Whittle — brother, 3509 Texas Topaz Drive, Austin, TX 78728.

The petition notes Timothy Blowers opened a Florida probate but states Roeser is filing the petition in Washington in order to pursue the wrongful death claim on behalf of the Estate "for the sole benefit of Layla."

> I am aware that under Washington and Florida laws Kimberly's father would receive nothing under intestacy laws. My petition contemplates being able to commence legal action in Washington to prosecute claims for the sole benefit of Layla.

3

Roeser requested the court enter an order "establishing the intestate probate of Kimberly Ann Blowers," appoint him as the personal representative of the Estate with full nonintervention powers and without bond, issue "Letters Testamentary," and authorize him to pursue the wrongful death action on behalf of the Estate.

On October 5, 2015, a court commissioner issued an order appointing Roeser as personal representative of the Estate without bond and with full nonintervention powers and authorized him to "pursue any wrongful death or survival actions" on behalf of the Estate for the sole benefit of Layla. The October 5 order states, in pertinent part:

> 1.  The Court appoints Alexander Shane Roeser as Personal Representative of the Estate, to serve without bond, and he is given full non intervention powers subject to the distribution approval referenced below;
> 2.  The Clerk of the Court is directed to issue Letters Testamentary to petitioner;
> 3.  The petitioner is authorized to pursue any wrongful death or survival actions permissible under the law for the benefit of the Estate; and,
> 4.  In the event that such actions are successfully undertaken, petitioner shall thereafter petition this Court to obtain a final order authorizing any distribution of the proceeds of such action solely for the benefit of Ms. Blower's [sic] minor child Layla, such distribution shall be used solely for the benefit of Layla and such proceeds shall be secured by the Personal Representative to assure that they are solely utilized for the health, safety, welfare and upbringing of minor child, Layla, decedent's only intestate beneficiary.

Roeser did not provide notice to Layla or to Layla's grandfather Timothy Blowers about the probate action in Washington and the October 5 order appointing him as personal representative of the Estate without bond and with nonintervention powers.

Meanwhile, on October 5, Layla's father Daniel Leininger filed a petition in Hillsborough County Circuit Court, Florida to appoint him as the personal representative of the Estate. In the petition, Leininger states he is the father and guardian of the "sole intestate beneficiary and wrongful death survivor of the decedent." The petition states

that under Florida law, Leininger is "entitled to preference in appointment as personal representative" and is "qualified under the laws of the State of Florida to serve as personal representative."[1] The petition states, "Domiciliary probate proceedings are not known to be pending in another state" and the "nature and approximate value of the assets in this estate are wrongful death claims by the Personal Representative." Timothy Blowers filed a waiver and consent to appoint Leininger as personal representative of the Estate.

On November 17, the Florida court issued an order appointing Leininger as personal representative of the Estate. The order states:

> On the petition of DANIEL LEININGER for administration of the estate of KIMBERLY ANN BLOWERS, deceased, the court finding that the decedent died on July 15, 2015; and that DANIEL LEININGER is entitled to appointment as personal representative by reason of he has preference and is qualified to serve as Personal Representative, and is qualified to be personal representative, it is
> ADJUDGED that DANIEL LEININGER is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing the designation and acceptance of resident agent, and entering into bond in the sum of -0-, letters of administration shall be issued.

The Florida court issued "Letters of Administration" giving Leininger the "full power to administer the estate according to law [and] to ask, demand, sue for, recover and receive the property of the decedent."

On November 24, Roeser contacted Leininger for the first time to tell him about the Washington intestate probate and that the Washington court had appointed Roeser to serve as the personal representative of the Estate to pursue a wrongful death action on behalf of Layla. In an e-mail to Leininger, Roeser states he "already filed the

---

[1] See Florida Statutes (F.S.) § 733.301(2) (2015) and F.S. § 744.301(1) (2015).

[wrongful death] claim almost 30 days ago" and is "about to file the [wrongful death] lawsuit in excess of 1M USD. with the sole beneficiary being Layla Leininger."

> As I mentioned on the telephone today I was appointed the Personal Representative of Kimberly's Estate in Washington State.
> This is where the Estate needed to be opened in order to file a claim against the insurance of Jonathan Scholz.
> We have been working on this claim since Kim's passing. . . .
>
> . . . .
>
> As I told you Danny, I hope that you and I can work together on this and you can accept I have done this in the best interest of Layla. . . . I have no interest in receiving any money I am doing this for the interest and sole beneficiary which is Layla Leininger.

On December 15, 2015, the personal representative of the estate of Jonathan Scholz rejected the claim Roeser filed on November 16 against the estate. The estate of Jonathan Scholz later filed a creditor's claim against the Estate of Blowers asserting Scholz was a passenger in the car when the car "left the roadway, struck a tree, and burst into flames."

Motion To Dismiss Washington Probate Administration of Estate

On December 22, Leininger filed a motion in Snohomish County Superior Court to dismiss the probate administration in Washington. Leininger argued the Florida court gave him the authority as the personal representative of the Estate to pursue the wrongful death action in Washington. Leininger also argued Roeser did not provide statutory notice of the request for nonintervention powers to Layla.[2]

On January 4, 2016, a Snohomish County Superior Court commissioner dismissed the Washington probate administration and cancelled the Letters of Administration. The commissioner concluded dismissal of the probate in Washington

---

[2] Under RCW 11.68.041, advance notice of the hearing on a petition for nonintervention powers shall be given to the beneficiaries of the estate.

would not result in prejudice to the sole minor heir because the Florida court appointed Layla's father as the personal representative with the express authority to pursue the wrongful death action in Washington. The commissioner also found that Roeser did not comply with the requirement to provide notice of the petition for nonintervention powers. The order states, in pertinent part:

> [T]his Court finds that this Washington probate administration was commenced without advance notice to the minor sole heir required by law of his application for nonintervention powers; that a Personal Representative has been appointed in Florida who may proceed with the wrongful death action in this State; that no prejudice to that minor heir will accrue if this matter is dismissed in its entirety; and based on the above findings, the Court does hereby order, adjudge, and decree that this probate administration be and is hereby DISMISSED and the Letters of Administration issued herein are hereby CANCELLED.

Roeser filed a motion to revise the order of the commissioner. On February 19, the superior court adopted the decision of the commissioner and denied the motion to revise.

Roeser appeals the order denying the motion to revise. Under RAP 10.4(d), Leininger moves to dismiss the appeal for lack of standing. Where a party lacks standing, we refrain from reaching the merits of the appeal. State v. Johnson, 179 Wn.2d 534, 552, 315 P.3d 1090 (2014).

Motion To Dismiss Appeal

Leininger asserts Roeser is not an aggrieved party entitled to review on appeal under RAP 3.1. Under RAP 3.1, "[o]nly an aggrieved party may seek review by the appellate court." An "aggrieved party" is someone whose proprietary, pecuniary, or personal rights are directly and substantially affected by the final order of the court. Polygon Nw. Co. v. Am. Nat'l Fire Ins. Co., 143 Wn. App. 753, 768-67, 189 P.3d 777 (2008).

7

The Trust and Estate Dispute Resolution Act, chapter 11.96A RCW, defines "party" as an individual "who has an interest in the subject of the particular proceeding"; specifically, a surviving spouse, an heir, or a beneficiary. RCW 11.96A.030(5)(d)-(f). The definition of "persons interested in the estate or trust" includes "all persons beneficially interested in the estate or trust." RCW 11.96A.030(6).

When a person dies intestate, RCW 11.28.120 identifies who is eligible to be appointed personal representative of the estate: the surviving spouse (or the person of the spouse's choice), the decedent's child or children, the decedent's father or mother, the decedent's siblings, the decedent's grandchildren, and the decedent's nephews or nieces. RCW 11.28.120(1), (2).[3] If there are no eligible candidates, "then the court may appoint any suitable person to administer such estate." RCW 11.28.120(7).

Where, as here, a personal representative has no interest in the probate action other than being the administrator, he lacks standing to appeal. State ex rel. Simeon v. Superior Court for King County, 20 Wn.2d 88, 90-91, 145 P.2d 1017 (1944); Cairns v. Donahey, 59 Wash. 130, 133-34, 109 P. 334 (1910).

Roeser claims that as the surviving partner in a committed intimate relationship, he is entitled to "the same right as a spouse to act as [personal representative] of the deceased partner's estate." Roeser states he and Blowers lived together for approximately three years in Tampa, Florida and planned to get married in Florida after the road trip. Because there is no dispute Roeser and Blowers were domiciliaries and residents of Florida, Florida law controls. Under Florida law, "no legal rights or duties flow from mere cohabitation." Castetter v. Henderson, 113 So.3d 153, 154 (Fla. Dist. Ct. App. 2013) (citing Posik v. Layton, 695 So.2d 759, 761 (Fla. Dist. Ct. App. 1997));

---

[3] Minors are disqualified from becoming personal representative. RCW 11.36.010(1).

Florida Statutes § 741.211 (2013) (common-law marriages entered into after January 1, 1968 are not valid)).

Roeser also asserts he has standing because allowing Leininger to act as the personal representative in the wrongful death action will result in diminution of the Estate.

Wrongful death actions are "strictly creatures of statute" in Washington. Atchison v. Great W. Malting Co., 161 Wn.2d 372, 376, 166 P.3d 662 (2007). RCW 4.20.010 allows the personal representative of the estate to bring a wrongful death action and RCW 4.20.020 strictly limits beneficiaries of a wrongful death action. RCW 4.20.010 states, in pertinent part:

> When the death of a person is caused by the wrongful act, neglect, or default of another his or her personal representative may maintain an action for damages against the person causing the death.

RCW 4.20.020 states, in pertinent part:

> Every such action shall be for the benefit of the wife, husband, state registered domestic partner, child or children, including stepchildren, of the person whose death shall have been so caused. If there be no wife, husband, state registered domestic partner, or such child or children, such action may be maintained for the benefit of the parents, sisters, or brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his or her death.

Well established Washington law permits a foreign personal representative to maintain a wrongful death action in Washington. In re Estate of Ludwig, 49 Wn.2d 312, 316, 301 P.2d 158 (1956).[4] There is no dispute that as the personal representative of the Estate, Layla's father Leininger has the authority to pursue the wrongful death action in Washington. The Florida court expressly authorized Leininger to do so.

---

[4] Accordingly, the Snohomish County Superior Court commissioner did not err in finding no prejudice in dismissing the Washington probate.

Roeser cites statements in the declaration he submitted in opposition to the motion to dismiss to argue that allowing Leininger to act as the personal representative in the wrongful death action will result in diminution of the proceeds for Layla.[5] But under Superior Court Special Proceedings Rule (SPR) 98.16W, the court shall appoint a "Settlement Guardian ad Litem" to protect the interest of Layla in any proposed settlement.[6]

Because Roeser is not an aggrieved party entitled to review, we grant the motion to dismiss the appeal for lack of standing.[7]

WE CONCUR:

---

[5] Roeser states, in pertinent part:

I feared, in fact I still fear, that the only concern of those relatives was to themselves access any money or compensation which might come from prosecuting actions against the Estate of Jonathan Scholz. I am very confident I can prevent that from happening by my service in this matter and indeed I instructed [my attorney] to assure the Court which appointed me that my sole objective was to succeed in legal actions which would provide benefit to Layla, and Layla, alone. The Court order appointing me concludes with that very command, which I take seriously and will of course honor explicitly.

[6] SPR 98.16W(c)(1) states, in pertinent part:

The Settlement Guardian ad Litem shall conduct an investigation and file a written report with the court with a recommendation regarding approval and final disposition within 45 days of appointment or such other time as the court may order.

[7] We deny Leininger's request for attorney fees on appeal under RCW 11.96A.150 (court has discretion to determine whether to award attorney fees and costs to prevailing party on appeal).